421 So.2d 689 (1982)
Wes BRANDT, Appellant,
v.
Robert H. DOLMAN, Appellee.
No. 82-786.
District Court of Appeal of Florida, Fourth District.
November 3, 1982.
Rehearing Denied December 3, 1982.
*690 R. Daniel Koppen of Koppen & Watkins, Miami, for appellant.
Marilyn P. Liroff of Weaver & Weaver, P.A., Fort Lauderdale, for appellee.
HERSEY, Judge.
This appeal arises from a non-final order denying a motion to set aside a default.
Appellant, Brandt, was named co-defendant in an action brought against him and a corporation. An agent of the corporation advised Brandt that its counsel would represent both defendants in the action. Corporate counsel neglected to file a pleading on behalf of Brandt and a default was entered. Twelve days thereafter Brandt moved to set aside the default averring the existence of a bona fide defense. That motion was denied.
It is well established that under appropriate circumstances courts should liberally set aside defaults so that controversies may be determined on their merits. County National Bank of No. Miami Beach v. Sheridan, 403 So.2d 502 (Fla. 4th DCA 1981); North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). As a prerequisite to relief from a default the movant must establish that his neglect was excusable. Clark v. Roberto's, Inc., 320 So.2d 870 (Fla. 4th DCA 1975). Brandt's inaction here falls within the penumbra of the term "excusable" as it has been applied in these cases. See, e.g., Travelers Insurance Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977); Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977). A meritorious defense must also be alleged. County National Bank of No. Miami Beach v. Sheridan, 403 So.2d 502 (Fla. 4th DCA 1981). This condition too was satisfied by Brandt.
A third condition precedent which is frequently but not uniformly imposed, is that the movant exercise due diligence upon learning of the default. See, e.g., Westinghouse Credit v. Steven Lake Masonry, 356 So.2d 1329 (Fla. 4th DCA 1978). Action taken within twelve days as in the instant case clearly meets the criteria of due diligence.
The motion to set aside default should have been granted because the appellant fulfilled all the prerequisite conditions. We therefore reverse the order and remand to permit the trial court to grant vacation of the default. The appellant may then file an appropriate response to the complaint, so that both the claim and the defenses to it may be considered on the merits.
REVERSED and REMANDED.
ANSTEAD and WALDEN, JJ., concur.