DELL, Judge.
Appellant Alan Wentnick (Wentnick) seeks relief from a default judgment entered against him in the amount of $30,000 plus interest.
Appellee European American Bank and Trust Company (European) filed suit against Marvin Moskowitz to domesticate a New York judgment for the sum of $576,-346.02. On September 24, 1984 the trial court entered a final judgment in favor of European for the above amount. In an effort to collect its judgment European filed a motion for garnishment after judgment stating that Caseric Corporation held money or other property owed to or belonging to Moskowitz. On February 12, 1985 the Broward County Clerk issued a writ of garnishment upon Caseric Corporation which was served on its president, Went-nick. Wentnick delivered the writ to Cas-eric’s attorney who filed an answer on February 22, 1985 stating that Caseric was not indebted to Moskowitz.
European deposed Moskowitz. Moskow-itz testified that he loaned Wentnick $30,-000 in the spring of 1984 with no promissory note. He alleged that Wentnick agreed to pay $10,000 interest on this loan within a month. He also testified that Caseric Corporation held proceeds related to certain property in Palm Beach County. Following the deposition, European filed two motions for garnishment after judgment, one directed to Caseric Corporation and one directed to “Alan Wentnick, Caseric Corporation.” The clerk issued the two writs of garnishment and on March 14, 1985 Wentnick received service of the writs at the corporate office.[1] Wentnick did not answer either of the writs. On April 17, 1985 European moved for, and the clerk entered, a default against Wentnick for failure to serve an answer to the writ of garnishment. On *383 May 8th, 1985 European filed its motion for final default judgment against Wentnick and Caseric Corporation but did not serve them with a copy of the motion. Since Caseric Corporation had appeared in the action by filing an answer to the original writ of garnishment, European should have served it with notice of the application for a default. European did not do this, but rather served Moskowitz, the defendant in the initial lawsuit. Thus Wentnick had no notice of the default proceedings either through the corporation or personally.
The court conducted a hearing and entered a final default judgment in favor of European and against Wentnick for the sum of $30,000 plus interest. In July, Wentnick accidentally discovered the judgment against him. The next day he contacted an attorney who, on July 17, 1985, filed a motion to set aside the default and final default judgment. Wentnick, in his verified motion to vacate the default judgment, stated that due to the multiplicity of the writs of garnishment, he had no notice that a writ of garnishment had been issued against him individually. The trial court denied his motion and this appeal follows.
We reverse. Florida courts liberally set aside defaults so that controversies may be decided on their merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962). Before a default may be vacated, a party must demonstrate excusable neglect, a meritorious defense and due diligence in seeking relief upon learning of the default. Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982). Appellant has met all three criteria.
The form of the writs served upon Went-nick, coupled with the timing of service of the writs, supports his contention that he failed to respond due to confusion and unawareness that he had been personally served with a writ of garnishment. We also note that Wentnick promptly delivered the initial writ served on Caseric to the corporation’s attorney who promptly filed an answer. There is nothing in the record to indicate that Wentnick would have handled the subsequent writs any differently had he not mistaken them for duplicates of the initial writ. We hold that Wentnick established that his failure to file a responsive pleading resulted from excusable neglect.
As for a meritorious defense, Wentnick claimed that he did not owe Moskowitz any money. Thus, he asserted the second element necessary for vacation of a default.
Finally, appellant used due diligence in seeking relief upon learning of the default. Within a week after he inadvertently discovered the judgment, his lawyer filed a motion to set aside the default judgment.
In Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985), this court held that it was a gross abuse of discretion for the trial court to refuse to set aside a default where there was a reasonable misunderstanding accompanied by a timely application and credible explanation. We follow Somero and hold that the trial court’s failure to vacate the default under the facts of this case constituted a gross abuse of discretion.
We reverse the order denying appellant’s motion to set aside the default and remand this case to the trial court for further proceedings.
REVERSED and REMANDED.
ANSTEAD and WALDEN, JJ., concur.

. At this point, Wentnick had received three writs of garnishment:
On February 8th,
You are commanded to summon garnishee, Caseric Corporation....
On March 14,
You are commanded to summon garnishee, Alan Wentnick, Caseric Corporation....
On March 14,
You are commanded to summon garnishee, Caseric Corporation....