521 So.2d 135 (1988)
Joseph Karl DeRUYTER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1967.
District Court of Appeal of Florida, Fifth District.
January 14, 1988.
Rehearing Denied March 9, 1988.
*136 John R. Vitola, of Law Offices of James Martin Brown, Brooksville, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and R. James McCune, Jr., Lakeland, for appellee.
UPCHURCH, Chief Judge.
Appellant, Joseph Karl DeRuyter, appeals an order denying his motion to set aside a default.
The state filed a complaint for civil RICO forfeiture of the residence jointly owned by appellant and one Duscha VanDenberg. Neither appellant nor VanDenberg filed a responsive pleading within 20 days of service. On the 21st day, the State obtained a clerk's default. On the following day, appellant moved to set aside the default and moved to dismiss the complaint. Appellant's counsel alleged that the failure to respond to the complaint was the result of excusable neglect on his part and he filed an affidavit in support thereof.
At the hearing on the motion, the court expressed particular concern with the question of whether a meritorious defense had been pleaded, and counsel asserted he did not know what defenses were available because he could not understand the complaint. At the request of the court, memoranda of law were filed. Appellant additionally filed a second motion to dismiss, asserting that there could be no forfeiture of homestead property under Chapter 895, Florida Statutes, alleging that the property in question was homestead. The motion to set aside default was denied and judgment of forfeiture entered and the State was awarded immediate possession of the property.
This was an action to forfeit real property brought pursuant to Chapter 895, Florida Statutes.[1] As concerns the default, Florida law is well settled that to justify setting aside a default the defendant must establish both excusable neglect and that a meritorious defense exists. Tire Kingdom, Inc. v. Bowman, 480 So.2d 221 (Fla. 5th DCA 1985); Marine Outlet v. Miner, 469 So.2d 251 (Fla. 2d DCA 1985); Wentnick v. European American Bank, 487 So.2d 382 (Fla. 4th DCA 1986); Quality Electric Service v. Seymour Electric Supply, 487 So.2d 80 (Fla. 1st DCA 1986). While there is a policy of liberality towards vacation of defaults, North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962), both elements must be shown or else the default cannot properly be set aside. Kindle Trucking Co. v. Marmar Corp., 468 So.2d 502 (Fla. 5th DCA 1985).
To demonstrate excusable neglect, the defendant must by affidavit or other sworn statement set forth facts explaining the mistake or inadvertence. Gibraltar Serv. Corp. v. Loan & Assoc., 488 So.2d 582 (Fla. 4th DCA 1986). The trial court is vested with broad discretionary power in determining whether the facts constitute excusable neglect justifying the vacating of a default and a showing of a gross abuse of discretion is necessary on appeal to warrant reversal. Tire Kingdom v. Bowman. While appellant asserts that the trial court found that the delay was *137 excusable, no such finding was made by the court either at the hearing or in any of its orders. The affidavit filed by appellant's attorney, Brown, alleges: (1) the existence of out-of-state counsel; (2) that Brown, after consultation and conference with the out-of-state counsel agreed to represent appellant in this matter; (3) that the complaint was complicated and involved; (4) that the time period required to adequately review and file a responsive pleading was insufficient; and (5) that efforts were made on the afternoon of the day the default was entered to obtain a twenty-four hour extension for filing a responsive pleading.
This affidavit fails to reflect excusable neglect. While an attorney's error or error of his staff which results in the failure to timely file a responsive pleading may constitute excusable neglect, see, e.g., Gibraltar Serv. Corp. v. Loan & Assoc., 488 So.2d 582 (Fla. 4th DCA 1986) (attorney miscalculated due date for responsive pleading based on misconstruction of notation on summons); Florida Aviation Academy v. Charter Air, 449 So.2d 350 (Fla. 1st DCA 1984) (error caused by inexperienced secretary's failure to calendar time for filing answer, contrary to established office procedure); Kuehne & Nagel, Inc. v. Esser International, 467 So.2d 457 (Fla. 3d DCA 1985) (error caused by clerk in attorney's office who mistakenly removed complaint and summons from attorney's desk for filing), an attorney's inadvertent failure to respond to a complaint without more does not constitute excusable neglect. See Sun Finance Corp. v. Friend, 139 So.2d 484 (Fla. 3d DCA 1962). Brown's affidavit fails to state when the complaint was received in Brown's office, or how many days he had to file a responsive pleading.[2] The affidavit merely avers that Brown did not file a responsive pleading because the complaint was complicated and the time insufficient.
Even assuming that the affidavit established excusable neglect, the appellant failed to show a meritorious defense. A meritorious defense may be shown by either an unverified pleading or an affidavit. Gibraltar, 488 So.2d at 584; Hall v. Byington, 421 So.2d 817 (Fla. 4th DCA 1982). A general denial is not a meritorious defense sufficient to set aside a default. Mission East Co. v. Wyszatycki, 362 So.2d 87 (Fla. 3d DCA 1978). While the state argued below that a motion to dismiss is not a recognized vehicle for raising a meritorious defense, such a pleading is perfectly proper for raising "defenses" such as lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, failure to state a cause of action and failure to join an indispensable party. Fla.R.Civ.P. 1.140(b). There is no reason why such a "defense", if meritorious, cannot satisfy the meritorious defense requirement for setting aside a default.
The first purported meritorious defense here is failure to state a cause of action because the complaint is vague and imprecise. However, this defense is untenable since the complaint satisfies the pleading rules for forfeiture complaints set out in State v. Whiddon, 384 So.2d 1269 (Fla. 1980).[3]
The second purported defense involved the allegation that homestead property cannot, consistent with our state constitution, be the subject of a RICO forfeiture action. See Art. X, § 4, Fla. Const. This section exempts homestead property from forced sale.[4]
*138 No appellate decisions on this question have been cited and none have been found by our research. However, we view forfeiture of property due to its use in a criminal enterprise, to be entirely different from the "forced sale" language in the constitution. The purpose of the constitutional provision is to protect homestead property from forced sale for debts of the owner. Tullis v. Tullis, 360 So.2d 375 (Fla. 1978). Forfeiture here is not predicated upon debts incurred by the owner but rather is based solely on the illegal uses to which the property is being put. Article X, section 4, Florida Constitution, was simply not designed to immunize real property for use in a criminal enterprise.
We therefore affirm the judgment.
AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] Chapter 895 is known as the Florida RICO Act. Section 895.05, Florida Statutes, provides for forfeiture of real property and sets out the procedures for such forfeitures. The action filed here must be distinguished from those cases brought under sections 932.701-932.704, Florida Statutes, which is known as the Florida Contraband Forfeiture Act. The procedures for these latter actions are set forth in section 932.704, Florida Statutes, and have further been clarified by judicial decision. See In Re: Forfeiture of One 1976 Chevrolet Corvette, 442 So.2d 307, 308 (Fla. 5th DCA 1983). The Contraband Forfeiture Act does not by its terms appear to apply to real property. See §§ 932.701, 932.703, Fla. Stat. (1987).
[2] In his reply brief, Brown said he received the complaint less than forty-eight hours before a responsive pleading was due, but this is not reflected in the affidavit nor in anything else filed with the trial court.
[3] In Whiddon, the court held that an instrument charging a RICO violation need not specify the relationship among the crimes and so long as the instrument tracks the statute and alleges the existence of a criminal "enterprise" the defendant is on sufficient notice as to the nature of the charge.
[4] Article X, section 4, Florida Constitution, as amended in 1984, provides in part:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;
(2) Personal property to the value of one thousand dollars.