## PACHECO, et al. v SUAREZ, et al.

### Case No. 89-14018 CW-18

Seventeenth Judicial Circuit, Broward County

August 21, 1989

**APPEARANCES OF COUNSEL**

**Roland C. Robinson,** for appellants.

**W. Emory Daugherty,** for appellees.

**OPINION OF THE COURT**

W. HERBERT MORIARTY, Circuit Judge.

THIS CAUSE has come before this Court on an appeal brought by RAFEL PACHECO and ANA MARIA BIZARRETY, hereinafter Appellants, of an order denying a motion to set aside a default.

OLGA SUAREZ AND JACK SILVERMAN, hereinafter Appellees, filed a Statement of Claim against Appellants, seeking damages for breach of a residential lease agreement and damages to the leased premises. Appellants timely answered. The trial date was set for April 10, 1989, however, the attorney for the Appellees filed a Motion for Continuance on the grounds that he would be out of town on the date of the trial. The Motion also included an Order on the same page

which granted the Motion but was not yet signed by the trial judge. A copy of the Motion and Order was sent by regular mail to the Appellants on April 4, 1989.

On April 5, 1989, the trial court denied the Motion for Continuance. The trial was held on April 10, 1989, in which the Appellees and their attorney were present, however, the Appellants failed to appear at trial. Appellants did not receive a copy of the Order denying the Motion for Continuance until April 10, 1989, after the schedule trial, but they immediately telephoned the Judge's chambers and then sent a letter dated April 11, 1989, to the trial judge explaining their failure to appear at trial. Default Judgment was entered against them on April 12, 1989. The trial court denied the above Letter/Motion to Set Aside Default. An additional Motion for Relief from Order and Default was filed by Appellants' counsel and was denied by the trial court.

Appellants appeal the denial of the Motion for Relief from Order and Default on the grounds that the trial court abused its discretion. Appellants' argument is with merit and the trial court should be reversed.

When seeking to vacate a judgment under Fla. R. Civ. P. 1.540, the moving party must show excusable neglect, a meritorious defense, and that due diligence was exercised in seeking relief. See, *Broward County v Perdue,* 432 So.2d 742 (Fla. 4th DCA 1983) and *Brandt v Dolman,* 421 So.2d 689 (Fla. 4th DCA 1982). In the instant case, Appellants have demonstrated excusable neglect in failing to appear at trial inasmuch as they neglected to recognize the Order for Continuance was unsigned by the trial judge and the Motion for Continuance may be denied. Since the Appellants have answered the Statement of Claim and alleged 6 Affirmative Defenses which have merit, they have demonstrated a meritorious defense. Furthermore, the Appellants have exercised due diligence in seeking relief in view of their quick response of telephoning and writing the trial court, and filing a motion pursuant to Fla. R. Civ. P. 1.540. Therefore, Appellants have met all the prerequisite conditions and the orders denying the motion to set aside default should be reversed so that Appellants may be afforded the opportunity for a trial on the merits.

IT IS ORDERED AND ADJUDGED that the Orders denying Motions to Set Aside and Vacate Default be reversed and this cause remanded to permit the trial court to grant vacation of the default.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, on this 21st day of August, 1989.