558 So.2d 523 (1990)
Robert CONIDARIS, Appellant,
v.
CREDIT ALLIANCE CORPORATION, etc., et al., Appellees.
No. 89-909.
District Court of Appeal of Florida, Fifth District.
March 22, 1990.
*524 Joseph J. Tschida of Russell & Hull, P.A., Orlando, for appellant.
William M. Lindeman of Foster & Kelly, Orlando, for appellees.
HARRIS, Judge.
Robert Conidaris appeals a $90,164 judgment entered against him after default. He contends the trial judge should have set aside the default and permitted the cause to proceed on the merits. We agree and reverse.
Credit Alliance Corp. sued B & B Paving Contractors, Inc., Robert Conidaris and Robert La Force in a ten count complaint. The first nine counts seek relief only against the corporation; the tenth count sues the individuals on a guaranty agreement. The corporation was served by service on La Force on May 26, 1988 and substituted service was effected on Conidaris on May 26, 1988.
On July 11, 1988 appellee moved for default against the individual defendants and default was entered by the clerk on that date. Neither notice of the motion for entry of default nor a copy of the default was served on Conidaris. However, on July 13, 1988 a notice of automatic stay of the action against the corporation under the Bankruptcy Code was filed in the circuit court. On July 21 appellee moved to drop the corporation as a party defendant and on July 28, 1988 the trial judge entered its order dropping the corporation as a party and providing that the case should proceed only against the individual defendants. A copy of this order was served on Conidaris.
When appellant received his copy of this order he inquired as to the status of his case and discovered that corporate counsel had not filed an appearance for the individual defendants. On or before September 2, 1988 appellant employed counsel to represent him in this cause. Counsel filed notice of appearance on September 2 and a motion to set aside default on September 19, 1988 together with Conidaris' affidavit and proposed defense of forgery. In his affidavit Conidaris stated that as a principal in the corporation he was advised that corporate counsel, Don Stichter, would be representing the individual defendants as well as the corporation. He did not become aware that he was unrepresented until after the court's order of July 28. He further advised that the signature above his name on the guaranty was not his and was not authorized and that he had no individual obligation for the corporation's debt.
The trial court, after hearing, refused to set aside the default on October 18, 1988. A final default judgment was entered against appellant on April 5, 1989. Appellant contends that he established excusable neglect, a meritorious defense, and acted with reasonable diligence in attempting to set aside the default and that the court erred in refusing to set aside the default and to permit the cause to proceed on the merits.
Appellee concedes that forgery is a meritorious defense. It contends however that relying on the statement of another principal of the corporation that corporate counsel would also be representing the interests of the individuals could not be excusable neglect. We disagree. See Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982). Appellee also urges that Conidaris failed to exercise due diligence upon learning of the entry of the default. It appears to us that what would constitute due diligence must be determined from examining the facts of each case. Here Conidaris received notice of the default sometime after July 28 and contacted an attorney no later than September 2. He spent approximately 30 days looking into the matter and choosing an attorney. The lawyer then took an additional 17 days to file the motion to set aside default. Even if we charge the lawyer's unexplained delay in filing an urgent motion to Conidaris in determining his diligence, still the total period is less than two months. Certainly in some circumstances this delay would be sufficient to deny relief. For example, if plaintiff had proceeded to judgment and was seeking to enforce *525 its rights under such judgment. In our case, however, the matter was raised before any effort to proceed to judgment and, in fact, no judgment was entered until over six months after the motion was filed. The policy of liberally setting aside defaults so that controversies can be decided on their merits should prevail when the alleged lack of due diligence was neither intended for the purpose of delay nor had the effect of delaying the action.
REVERSED and REMANDED.
W. SHARP, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissents.
Based upon the record presented to us, the appellant has failed to show that the trial court grossly abused its broad discretion in denying his motion to vacate the default entered against him on July 11, 1988. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); DeRuyter v. State, 521 So.2d 135, 136 (Fla. 5th DCA 1988). Based on appellant's affidavit filed in support of his motion, I cannot fault the trial judge for finding that Conidaris was dilatory in seeking to vacate the default once he learned that he was unrepresented through receipt of a court order dated July 28, 1988. Even then, he and his attorney did not get around to filing a motion to vacate the default until September 19, 1988, some seven weeks later. That is not due diligence. See Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978). In Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982), cited by the majority, the motion to vacate was filed twelve days after default; here, the intervening period was seventy days.
There is also abundant authority that mere proof that a defendant relied upon another to defend an action, standing alone, is not sufficient to show excusable neglect. See National Premium Budget Plan Corporation v. All American Assurance Company, 389 So.2d 324 (Fla. 3d DCA 1980); Allen v. Wright, 350 So.2d 111 (Fla. 1st DCA 1977); White v. Spears, 123 So.2d 689 (Fla. 3d DCA 1960).
I would affirm.