583 So.2d 347 (1991)
Louis A. CAGGIANO, Appellant,
v.
Robert A. BUTTERWORTH, Attorney General of the State of Florida, Appellee.
No. 90-02026.
District Court of Appeal of Florida, Second District.
June 21, 1991.
Rehearing Denied July 18, 1991.
Joseph A. Eustace, Jr. and Anthony J. LaSpada, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann P. Corcoran, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant presents six issues for review; however, since we find merit in his argument regarding the constitutional protection afforded homestead and that issue is dispositive of the case, we do not reach the other issues.
The appellant was convicted of one count of racketeering and sixteen counts of bookmaking. Three of the bookmaking incidents for which the appellant was convicted took place at his personal residence. Consequently, the state sought forfeiture of the appellant's homestead pursuant to section 895.05(2)(a), Florida Statutes (1989), on grounds the property was "used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of" chapter 895, Florida Statutes, the Florida RICO Act. After striking the appellant's homestead defense, among others, the trial court entered a final summary judgment of forfeiture in favor of the state. The appellant contends the trial court erred in striking his homestead defense and finding, pursuant to DeRuyter v. State, 521 So.2d 135 (Fla. 5th DCA 1988), that homestead property is subject to forfeiture under the RICO Act. We agree.
Article X, section 4 of the Florida Constitution provides homestead property will not be subject to forced sale or any court judgment that acts as a lien on such property. In the instant case, a forfeiture is certainly a judgment that acts as a lien on homestead property and, as the court impliedly held in DeRuyter v. State, a forced sale.
The state does not dispute that the property at issue is homestead property; however, it asserts DeRuyter as authority for the proposition that there is an exception to homestead protection in instances where the homestead is used in a criminal enterprise. The state therefore asks us to agree with the DeRuyter court and hold that the *348 purpose of the homestead provision is to protect such property from forced sale for the debts of the owner and not to immunize real property for use in a criminal enterprise.
Florida homestead exemption laws have always been liberally construed in favor of the claim in order to acknowledge the beneficial purpose for which those laws were created, i.e., to preserve home and shelter for the family, so as to prevent the family from becoming public charge. In the Matter of Hersch, 23 B.R. 42 (M.D.Fla. 1982). See also Deem v. Shinn, 297 So.2d 611 (Fla. 4th DCA 1974).
Article X, section 4 provides three exceptions to the protection of homestead property. Those exceptions relate only to: (1) taxes and assessments on the property; (2) obligations for the purchase, improvement, or repair of the property; and (3) labor performed on the property.
Based on the foregoing authority, we cannot agree with the holding of our sister court in DeRuyter. In addition to stating the purpose of the homestead exemption too narrowly, DeRuyter fails to reconcile that forfeiture of homestead as a result of criminal enterprise does not fall within any of the exceptions enumerated in our constitution.
Since we note conflict with the Fifth District's holding in DeRuyter, we certify the following question to the supreme court:
WHETHER FORFEITURE OF HOMESTEAD UNDER THE RICO ACT IS FORBIDDEN BY ARTICLE X, SECTION 4 OF THE FLORIDA CONSTITUTION?
Accordingly, we reverse the trial court's entry of summary judgment in favor of the state and remand the cause for further proceedings consistent herewith.
DANAHY, A.C.J., and LEHAN, J., concur.