UNITED STATES of America, Plaintiff,

v.

ONE SINGLE FAMILY RESIDENCE LOCATED AT 212 AIRPORT ROAD SOUTH, TAVERNIER, MONROE COUNTY, FLORIDA, Including the Real Estate at That Location and All Improvements and Appurtenances Thereto and Thereon, Defendant.

No. 91–10034–CIV.

United States District Court,
S.D. Florida.

Sept. 3, 1991.

Shirley R. Madeleine, Asst. U.S. Atty., Miami, Fla., for plaintiff.

---

Stephen J. Bronis, Miami, Fla., for claimants Sandra, Robert and Jeane L. Eyster.

## ORDER DENYING MOTION
## TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the Court upon the motion of the claimants to dismiss the complaint pursuant to Article X, § 4 of the Florida Constitution. The claimants argue that because the defendant property is homestead property, Article X, § 4 prohibits a civil forfeiture action pursuant to 21 U.S.C. § 881(a)(7). The government has filed a response.

### I. BACKGROUND

Section 881(a)(7) of Title 21 provides:

All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

The claimants assert that under Florida law, the defendant property is not subject to federal civil forfeiture. They state that the defendant property is homestead property, *Holden v. Estate of Gardner*, 420 So.2d 1082 (Fla.1982), and that homestead property is not subject to civil forfeiture. *Caggiano v. Butterworth*, 583 So.2d 347 (2d DCA 1991). The claimants further contend that the Eleventh Circuit "recently determined that State law governs property rights" with respect to § 881(a)(7) forfeiture actions. Motion to Dismiss at 2; *see United States v. One Single Family Residence*, 894 F.2d 1511 (11th Cir.1990). The plaintiff argues that the claimants have misinterpreted the caselaw. The plaintiff asserts that *Caggiano* is questionable law,

and that *One Single Family Residence* actually supports the plaintiff's position. Because the Court agrees that *One Single Family Residence* supports the government's position, the Court does not have to reach the question of interpretation of Florida law.

### II. FEDERAL PREEMPTION

In *One Single Family Residence*, the Eleventh Circuit relied on the "innocent owner" provision of § 881(a)(7) to determine that the property interests of an innocent owner spouse who owned property with her husband as tenants by the entireties could not be defeated by a forfeiture action. The court borrowed Florida law on tenancies by the entireties to define the innocent owner's interests. Although the Eleventh Circuit eventually found no preemption problems with using state law in that case, the court noted that:

the Supreme Court also has stated on several occasions that federal law will preempt state law if Congress expressly provides for preemption, if the area of law is one of comprehensive federal regulation that leaves no room for state laws to supplement, if the state law affects a field of dominant federal interest precluding state laws on the same subject, or if the state law and the federal law are in actual conflict so that compliance with both is physically impossible or the state law obstructs the accomplishment of the full objectives of Congress.

894 F.2d at 1517 (citations omitted).

The Eleventh Circuit found that § 881(a)(7) neither contains an express preemption nor is it an example of a field in which federal legislation or domination excludes all state law. In addition, the court found that the state law and the federal law were not in actual conflict. *Id.* at 1518. Instead, the court "simply f[ou]nd that the federal law protects an innocent owner's interest, .... [and] Florida law merely defines the interests of owners of property." *Id.* The case at bar is quite distinguishable. Had there been a determination here that federal law protects homestead property, then perhaps Florida law would be used to define what is homestead property

or who is covered. *See id.* at 1518 n. 7. However, in this case there has been no determination that the claimants are innocent owners, or that federal law protects homestead property. In fact, this Court agrees with the government that, unlike the *One Single Family Residence* case, there is direct conflict between federal and state law here. The Eleventh Circuit reviewed the forfeiture statute and its legislative history in *One Single Family Residence,* concluding that Congress had two interrelated aims: punishing criminals while ensuring that innocent persons are not penalized for their unwitting association with wrongdoers. *Id.* at 1513. This Court finds that prohibiting forfeiture of all homestead property in this state would clearly violate the congressional intent behind the forfeiture statute. Therefore, this Court holds that federal forfeiture law under § 881(a)(7) preempts state law as to the subjectability of homestead property to forfeiture.

For these reasons, the motion to dismiss must be denied. Accordingly, it is

ORDERED and ADJUDGED that the claimants' motion to dismiss is DENIED.

DONE and ORDERED.