639 So.2d 637 (1994)
Robert SCHAUER and Marlene Schauer, his wife, Appellants,
v.
Dale B. COLEMAN and Linda Coleman, his wife, Appellees.
No. 93-03556.
District Court of Appeal of Florida, Second District.
July 1, 1994.
*638 Ralph D. Stoddard of Hampton, Stoddard, Griffin & Runnels, Brandon, for appellants.
James S. Moody, Jr., of Trinkle, Redman, Moody, Swanson & Byrd, P.A., Plant City, for appellees.
BLUE, Judge.
The Schauers appeal a nonfinal order setting aside a default judgment in their favor. They argue the trial court erred by setting aside the final judgment based on its finding that earlier testimony was incorrect. We agree and reverse.
The Schauers filed a complaint to enforce an agreement to purchase property from the Colemans. Based on the Colemans' failure to respond in the action, the Schauers filed for and the clerk entered a default under Florida Rule of Civil Procedure 1.500(a). A final hearing was held before Judge Whittemore and all parties attended. Although no record of the hearing was made, the judge entered specific findings and conclusions. A copy of these findings was sent to the Colemans with a letter indicating final judgment would be held for ten days to allow time for the Colemans to contact an attorney. After the ten days, the final judgment was entered granting specific performance by ordering the Colemans to convey title to the Schauers. The Colemans did not file a motion for rehearing nor did they appeal.
Four months later, the Schauers filed a motion for contempt or for judgment vesting title, alleging that the Colemans refused to execute the deed. After this motion was set for hearing, the Colemans filed a motion for relief from final judgment under Rule 1.540 on the basis of fraud and misrepresentation. This motion was signed by counsel for the Colemans. The motion disputed whether the Schauers had paid the entire down payment as they alleged; it also asserted that the Colemans did not have counsel at the final hearing.
At the second hearing, Judge Gonzalez presided and heard testimony and argument on the Colemans' motion for relief. The judge then set aside the final judgment, finding that the Schauers had paid only $3,000 of the total $5,000 down payment and that the amortization schedule was incorrectly calculated because of this.
In order to set aside a default judgment, a party must demonstrate (1) a legal excuse for not complying with the civil procedure rules and (2) a meritorious defense. Kapetanopoulos v. Herbert, 449 So.2d 947, 949 (Fla. 2d DCA 1984). The facts establishing excusable neglect must be set forth in a *639 sworn document. DeRuyter v. State, 521 So.2d 135, 136 (Fla. 5th DCA 1988), disapproved on other grounds, 605 So.2d 56 (Fla. 1992). The meritorious defense must be asserted either by pleading or affidavit. 521 So.2d at 137. In this case, the Colemans filed a motion disputing the Schauers' factual allegations and asserting they lacked counsel at the final default hearing. A general denial does not suffice as a meritorious defense for a default judgment. 521 So.2d at 137. And absent other justifications, failure to hire counsel does not qualify as excusable neglect. Kapetanopoulos, 449 So.2d at 949. Thus, the Colemans have failed to show either excusable neglect or a meritorious defense. In the absence of these two requirements, the trial court's order setting aside the final default judgment was a gross abuse of discretion. Florida Specialized Carriers, Inc. v. Tierra Constr. Co., Inc., 632 So.2d 282 (Fla. 5th DCA 1994).
Accordingly, we reverse, remand for the reinstatement of the final default judgment in favor of the Schauers, and order the trial court to enter judgment vesting title.
FRANK, C.J., and QUINCE, J., concur.