711 So.2d 1355 (1998)
Anthony J. DiSARRIO, Individually and d/b/a Great Life Builders, Appellant,
v.
Richard MILLS and Glenda Mills, Appellees.
No. 97-03665.
District Court of Appeal of Florida, Second District.
June 17, 1998.
*1356 Michael A. Baviello, Jr. of Michael A. Baviello, Jr., P.A., Naples, for Appellant.
Gary J. Hausler, Marco Island, for Appellees.
QUINCE, Judge.
Anthony J. Disarrio challenges the trial court's determination that the failure of Richard and Glenda Mills' (the Mills) attorney to appear at a scheduled pretrial conference was excusable neglect under Florida Rule of Civil Procedure 1.540(b). We reverse because excusable neglect is not supported by evidence.
The Mills filed suit in June 1996 against Disarrio and Great Life Builders for breach of a construction contract. After the Mills failed to comply with various pretrial orders, Disarrio filed a motion for sanctions on June 16, 1997. At the scheduled pretrial conference the trial court noted the absence of counsel for the Mills and noted the Mills' failure to comply with other pretrial orders. Based on these facts the court granted sanctions by striking the Mills' pleadings and dismissing the case with prejudice. The Mills filed a motion to set aside the order pursuant to Florida Rule of Civil Procedure 1.540(b) based on excusable neglect.
Excusable neglect requires a showing of both a legal excuse for failing to comply with the Florida Rules of Civil Procedure and a meritorious defense. See Schauer v. Coleman, 639 So.2d 637 (Fla. 2d DCA 1994); Collins v. Collins, 519 So.2d 729 (Fla. 2d DCA 1988). The brief motion filed with the trial court offered no explanation for counsel's failure to appear aside from conclusory allegations of mistake and excusable neglect. At the hearing, counsel blamed his failure to appear at the pretrial conference on a scheduling error. The trial court accepted this unsworn and unverified explanation, expressly finding that "plaintiffs are not required to file a verified motion or affidavit...." This conclusion is error.
Excusable neglect must be proven by sworn statements or affidavits. See Schauer, 639 So.2d at 638-39. Unsworn assertions of excusable neglect are insufficient. Id. at 639. The Mills, having correctly sought relief under rule 1.540, must comply with its mandates.
*1357 Counsel for the Mills neither offered a verified motion nor testified under oath. Allegations of excusable neglect require more than mere legal conclusions. See Blimpie Capital Venture v. Palms Plaza Partners, 636 So.2d 838 (Fla. 2d DCA 1994). Argument by counsel who is not under oath is not evidence. See Murphy v. State, 667 So.2d 375 (Fla. 1st DCA 1995); State v. T.A., 528 So.2d 974 (Fla. 2d DCA 1988). Thus, the failure to verify the claim of excuse is fatal. See Blimpie Capital Venture, 636 So.2d at 841.
The Mills argue that Disarrio waived any right to object to counsel testifying while not under oath. While it is true that challenges to unverified or unsworn testimony must be made contemporaneously at trial, Murphy, 667 So.2d at 376, the record reflects that appellant lodged an objection in this case. Given the unverified nature of the motion and the hearing testimony, the trial court abused its discretion in finding the Mills' actions to be excusable neglect.
We reverse the trial court's order finding excusable neglect and reinstate the order dismissing the Mills' claim.
FRANK, A.C.J., and DOYEL, ROBERT L., Associate Judge, concur.