750 So.2d 762 (2000)
FLORIDA HIGH SCHOOL, ACTIVITIES, INC., et al., Appellants,
v.
Antonio LATIMER, et al., Appellees.
Nos. 3D99-1901, 3D99-1899.
District Court of Appeal of Florida, Third District.
February 9, 2000.
Clayton, Johnston, Quincey, Ireland, Felder, Gadd & Roundtree, P.A. and Leonard E. Ireland, Jr., Gainesville; Carlos E. Mustelier, Jr., Miami, for appellants.
John H. Ruiz, P.A., John H. Ruiz, and Luisa M. Linares, Miami, and Frank Quintero, Jr., Coral Gables, for appellees.
Before GODERICH, GREEN, and RAMIREZ, JJ.
RAMIREZ, J.
Florida High School Activities, Inc. (FHSAA) appeals the trial court's order vacating the entry of summary final judgment in its favor. We reverse.
FHSAA is a not for profit corporation that regulates the interscholastic activities *763 of most Florida public and private schools, and prohibits the recruiting of students for athletic purposes. The FHSAA and its Commissioner, Ronald N. Davis, charged Miami Senior High School (Miami High) of violating certain FHSAA bylaws and policies on recruiting. FHSAA subsequently issued findings of fact, conclusions, and penalties directed at Miami High and certain Miami High student athletes. The penalties assessed included, among other things, participation restrictions for student athletes in interscholastic activities, all of which have expired.
Antonio Latimer, together with other students, filed suit against FHSAA and others seeking injunctive and declaratory relief to prevent FHSAA from enforcing its sanctions. Latimer also sought declaratory and other relief against the Greater Miami Athletic Conference (GMAC), among others, all of whom filed a separate appeal which has since been consolidated.
The trial court denied Latimer's motion for final summary judgment. Upon Latimer's request, the trial court entered an order granting summary final judgment in favor of FHSAA. That order was previously appealed and this Court dismissed the appeal based on the "invited error" doctrine because Latimer's counsel, in his attempt to perfect an appeal, had asked the trial judge to enter the precise order that was being challenged. The trial court also entered an order on February 12, 1999 granting GMAC's cross-motion for summary judgment.
After the dismissal of his appeal, Latimer filed his Motion to Vacate the February 12, 1999 order which had granted summary judgment to FHSAA and GMAC. By granting this Motion to Vacate, the trial court erred because the motion failed to allege any of the limited grounds specifically required to vacate a final judgment such as mistake, inadvertence, surprise, and other grounds. Blimpie Capital Venture, Inc. v. Palms Plaza Partners, 636 So.2d 838, 840-41 (Fla. 2d DCA 1994) (Allegations of excusable neglect require more than mere legal conclusions).
In addition, there was no evidence presented to the trial court by way of affidavit, testimony, or otherwise to support the motion. DiSarrio v. Mills, 711 So.2d 1355, 1356 (Fla. 2d DCA 1998) ("Excusable neglect must be proven by sworn statements or affidavits"); Schauer v. Coleman, 639 So.2d 637, 638-39 (Fla. 2d DCA 1994) (Unsworn assertions of excusable neglect are insufficient). The order contains no findings in support of any of the grounds required under Fla.R.Civ.P. 1.540 to vacate the final judgment. This rule is not intended to relieve a party from its own tactical mistakes. State Farm Mut. Auto. Ins. Co. v. Isom, 681 So.2d 1170, 1172 (Fla. 5th DCA 1996) ("rule 1.540 does not provide relief for judgmental mistakes nor tactical errors of counsel nor from mistakes of law. This rule merely provides relief from judgments based on mistakes which result from oversight, neglect or accident.").
In his brief, Latimer argues that the trial court could properly vacate its order under Fla.R.Civ.P. 1.530. The motion presented below, however, does not mention this rule and a careful review of the transcript of the hearing shows that the parties were arguing the motion to vacate, not a motion for rehearing. See, e.g. Owens-Corning Fiberglas Corp. v. Ballard, 749 So.2d 483, 486 n.6 (Fla.1999) ("Because this argument was not the specific ground asserted before the trial court, it may not be raised for the first time on appeal.").
Finally, none of the plaintiffs have standing to pursue their claims because, after the conclusion of the basketball season on March 6, 1999, all the issues were rendered moot.
We therefore reverse the order vacating the final summary judgment dated February 12, 1999.