PER CURIAM.
Appellants, Frank Taylor, Valentina Taylor, his wife, and World of Children Day Care Nursery, Inc., petitioners/defendants below [the Taylors], appeal the denial of their verified motion for relief from judgment of partition, verified motion to set aside default judgment of partition, and motion for stay of execution entered in order to remove appellants from the property. We find that there was no abuse of discretion by the trial court as to any of the appealed orders and thus affirm.
For many years the Taylors operated a day care facility in Coconut Grove on land owned in part (67.5%) by Gertrude B. Brown and in lesser part (32.5%) by the corporate appellant, World of Children Day Care Nursery, Inc. On March 10, 1999, appellee/plaintiff Jonnie Mae Jones obtained a final default summary judgment in a partition action against the Taylors. A partition sale followed on June 18, 1999, with Jones as the successful purchaser, thereby consolidating her ownership at 100%. The Taylors did not submit a bid at the sale and refused to vacate the premises. On July 20, 1999, Jones filed a motion for writ of assistance seeking to force the Taylors’ removal from the property. In their motions filed on August 19, 1999 seeking to set aside the judgment of partition, the Taylors alleged that they were unrepresented by counsel during the period when the default judgment was entered, had just retained counsel upon learning that the property had been sold to Jones, and had valid defenses of payment and laches to the partition action.
Under Rule 1.540(b)(1), Florida Rules of Civil Procedure, a trial court may grant relief from judgment for mistake, inadvertence, surprise, or excusable neglect. In this case, the trial court properly denied the relief sought because the Taylors’ motion simply alleged that they did not receive the motion for default and, in addition, “were under the mis-belief that an attorney they had consulted with was handling this matter for them.” The motion does not specify who was consulted and when; there were no affidavits or sworn statements presented to the trial court to amplify on that bare allegation. The motion was thus not sufficient to require relief from the judgment. See Florida High School Activities, Inc. v. Latimer, 750 So.2d 762 (Fla. 3d DCA 2000). A cursory review of the transcript reveals the trial judge’s familiarity with this protracted litigation and the Taylors’ delaying tactics. Under the circumstances, we find no abuse of discretion in the denial of the Taylors’ motion.
Affirmed.