SHEPHERD, J.
 

 This is an appeal by a post-judgment intervenor, Hermitage Insurance Company, from an order granting Plaintiff Melvin Rivera’s motion to vacate a final judgment entered against Hermitage’s insured, Oxygen in the Grove, Inc. We reverse the order vacating the final judgment. A brief summary of the facts is necessary to explain our decision.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 This action arises out of injuries suffered by Melvin Rivera on the premises of a local bar and club, Oxygen in the Grove, allegedly at the hands of one or more of its bouncers. The complaint alleges after an evening of revelry, Rivera left the premises and then returned for his wallet, which he thought he left inside. Because the club had closed for the night, Rivera knocked on the door and was greeted by a bouncer, who said he would look for the wallet. After what seemed to Rivera to be an inordinate time, Rivera again knocked on the door. At that point, Rivera alleges the bouncer reappeared and, without provocation, assaulted and battered him.
 

 Upon being served with the complaint, Oxygen forwarded it to Hermitage with a demand for a defense under the terms of a comprehensive general liability insurance policy issued to it by Hermitage. Hermitage denied coverage on the basis the complaint alleged an intentional tort, assault and battery, which are expressly excluded from coverage under the policy. Oxygen then proceeded to defend the case with private counsel, ultimately resolving the dispute in a voluntary binding arbitration proceeding in which the arbitrator awarded Rivera $30,850.08. The award entered by the arbitrator also expressly found Oxygen to be negligent. At the behest of Rivera, on May 23, 2007, the trial court confirmed the award and separately entered a final judgment on the award.
 

 Seven months later, on March 25, 2008, Rivera filed a “Motion to Amend the Complaint to Comport with the Final Judgment.” In a transparent effort to obtain insurance coverage for the incident, Rivera alleged, for the first time, Oxygen “was negligent in its care and treatment of [Rivera] in that [Rivera] was struck in the face with a door when one of the bouncers opened it, and as a result of said negligence, [Rivera] sustained personal injuries.” Rivera also sought leave to add Hermitage as a defendant in the case. The motion was heard on April 23, 2008.
 
 [1]
 
 An order entered on that date indicates the trial judge initially denied the motion,
 
 *551
 
 but then lined through that ruling and wrote, “Motion is withdrawn at this time and may be renewed.”
 

 Eight days later, on May 1, 2008, Rivera filed an unsworn “Motion to Vacate Final Judgment,” asserting as his sole ground, “Due to inadvertence or error, the arbitration award (sic) should not have been entered [on May 23, 2007] because the liability carrier, Hermitage Insurance Company, should be made a party to this claim.” Although Hermitage was not eligible to be named as a defendant in the final judgment at this time,
 
 see
 
 § 627.4136(4), Fla. Stat. (2008);
 
 C.A. Seguros Catatumbo v. Hemra,
 
 812 So.2d 576, 577 (Fla. 3d DCA 2002) (“Under the terms of [section 627.4136(4), Florida Statutes], the motion to add the insurer must be made prior to, or at the time of, entry of judgment against the tort defendant.”), the trial court granted the motion at a hearing held on May 15, 2008, for the sole reason it was “unopposed” by Oxygen. By this time, Hermitage had obtained local counsel who appeared at the hearing, but the court declined to consider Hermitage’s argument in opposition to the motion because Hermitage was not yet a party to the action. Thirteen days later, the court entered an order granting Hermitage leave to intervene as a party and also to file a declaratory judgment action on the coverage issue. Hermitage has appealed the order vacating the final judgment.
 

 ANALYSIS
 

 Although Rivera cited no rule or authority to support his motion to vacate the final judgment in this case, relief from final orders, judgments or decrees is governed by Florida Rule of Civil Procedure 1.540 (2008).
 
 Fla. Nat. Bank v. Domans-ka,
 
 486 So.2d 1384, 1385-86 (Fla. 3d DCA 1986) (“A final judgment cannot be disturbed by the trial court except on a properly filed motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540.”). Subsection (b) of the rule authorizes the trial court, in its discretion, to vacate a final judgment on the basis of negligent mistake or error:
 

 Rule 1.540. Relief From Judgment, Decrees, or Orders
 

 [[Image here]]
 

 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment ... was entered or taken,
 

 (emphasis added). However, the rule is not intended to spare counsel from his own tactical errors or mistakes.
 
 See Fla. High Sch. Activities, Inc. v. Latimer,
 
 750 So.2d 762, 763 (Fla. 3d DCA 2000) (“This rule is not intended to relieve a party from its own tactical mistakes.”) (citing
 
 State Farm Mut. Auto. Ins. Co. v. Isom,
 
 681 So.2d 1170, 1172 (Fla. 5th DCA 1996) (“[R]ule 1.540 does not provide relief for judgmental mistakes nor tactical errors of counsel nor from mistakes of law. This rule merely provides relief from judgments based on mistakes which result from oversight, neglect or accident.”)). That is the nature of the error pled in this case.
 

 Reversed.
 

 [1]
 

 . The certificate of service on the proposed amended complaint indicates a copy of the proposed amended complaint was mailed to a
 
 *551
 
 Hermitage claims adjuster in White Plains, New York. There is no record evidence Hermitage was provided with a motion or had any notice of the hearing.