CONNER, J.,
dissenting.
I respectfully dissent from the majority’s opinion in two respects. First, the mistake at issue was judgmental in nature, and as the majority points out, Florida Rule of Civil Procedure 1.540(b)(1) does not grant relief for judgmental or tactical mistakes made by the moving counsel. Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223 (Fla.1986) (“The true rationale in Randle[-Eastern Ambulance Service, Inc. v. Vasta] ... was that judgmental error by the plaintiff is not the kind of mistake, inadvertence, or excusable neglect contemplated by rule 1.540(b).”). Second, appellant’s motion did not state a colorable claim for relief. See Schuman v. Int’l Consumer Corp., 50 So.3d 75, 77 (Fla. 4th DCA 2010) (a rule 1.540(b) motion “should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege colorable entitlement to relief’); Dynasty Express Corp. v. Weiss, 675 So.2d 235, 239 (Fla. 4th DCA 1996) (in order to warrant an evidentiary hearing under rule 1.540(b)(3) [fraud], motion must specify the essential facts and not merely assert legal conclusions).
The majority does not discuss what I think is an essential fact: the policy at *502 issue was a key-man life insurance policy. It is common knowledge that life insurance policies are purchased as financial investments and different policies offer different benefits. The life insurance policy at issue in this case allows for accruals in addition to the face amount of the policy. If the parties or their attorneys had examined the language of the policy itself, it is likely the accrual of an additional benefit payment would have been known. Therefore, a failure of the attorney to determine the true value of the policy before advising a client to accept a settlement provision involving the ownership of a life insurance policy is a judgmental error, and relief for such an error cannot be granted pursuant to Rule 1.540(b)(1).
Another fact not mentioned in the majority opinion is that the settlement agreement involved other individuals who were not named in the lawsuit, and it was a global settlement agreement involving issues other than those raised in the pleadings. In such a context, it is all the more important for counsel to investigate the true nature and value of assets being distributed as part of a settlement agreement before advising the client to sign a settlement agreement.
The reality is that either the plaintiff knew the true value of the life insurance policy before entering into the settlement agreement or he did not. If he knew the true value of the policy, there was no mutual mistake. If he did not know the true value of the policy, it again strikes me that both sides made judgmental errors in negotiating the settlement.[2]
In addition, the motion for rule 1.540(b) relief is premised on mutual mistake, not fraud, misrepresentation or other conduct of an adverse party.[3] A motion for relief from judgment based upon mistake must state the specific facts associated with the grounds for relief. Taylor v. Jones, 760 So.2d 975, 976 (Fla. 3d DCA 2000). Here, the motion falls short: it merely stated in a conclusory fashion that “[i]t was always the parties’ belief that the [plaintiff] would only receive $250,000 from the life insurance policy.” No essential facts are alleged in the motion to show the plaintiffs belief as to the value of the policy at the time the parties negotiated or entered into the settlement. Thus, the motion does not state a colorable claim for relief under rule 1.540(b)(1).

. It is not uncommon for life insurance policies to provide for diminishing benefits after the insured reaches a certain age, so it would be just as much a judgmental error to fail to determine if the benefits payable can be decreased as it is to not know if the benefits payable can increase.

. Florida Rule of Civil Procedure 1.540(b)(3) provides for relief in such context.