# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2708
Lower Tribunal No. 11-16278
_____

**Mary Handel,**
Appellant,

vs.

**Sam Nevel, James Pollack, and Leopoldo Bellon,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Conrad & Scherer, LLP, and Daniel S. Weinger, Matthew Seth Sarelson, and Michael E. Dutko, Jr., for appellant.

Cole, Scott & Kissane, P.A., and Scott A. Cole and Kathryn L. Smith, for appellee James Pollack.

Leopoldo Bellon, in proper person.

Before ROTHENBERG, LOGUE, and SCALES, JJ.

ROTHENBERG, J.

The plaintiff below, Mary Handel ("Handel"), appeals the trial court's order denying her motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). Because we conclude that the trial court did not abuse its discretion when it denied Handel's rule 1.540 motion, we affirm.

## FACTUAL BACKGROUND

Handel filed a complaint alleging claims against several defendants for breach of contract, unjust enrichment, various securities violations under Chapter 517 of the Florida Statutes, fraud in the inducement, and civil conspiracy. Some of the defendants filed motions to dismiss the causes of action against them, and the trial court conducted a hearing on those motions on March 30, 2012. At that hearing, the trial court orally dismissed Count II of the complaint for alleged breach of personal guaranty against defendants Leopoldo Bellon ("Bellon"), Allen R. Greenwald ("Greenwald"), and Sam B. Nevel ("Nevel") and dismissed Count V of the complaint for an alleged breach of fiduciary duty against defendant James Pollack ("Pollack"). Count II was the only cause of action alleged against Bellon, Greenwald, and Nevel, and Count V was the only cause of action alleged against Pollack. The trial court specifically stated that the dismissal would be with prejudice for the reasons indicated on the record. Pollack's attorney, Joshua Goldstein ("Goldstein"), indicated to all parties present that he would draft the proposed dismissal order.

2

On April 29, 2012, Goldstein sent a draft of the order to all of the dismissed defendants' counsel via email. After some recommendations and revisions, Goldstein sent out a second draft of the proposed order to all the parties on May 11, 2012. Handel's trial counsel, Matthew Sarelson ("Sarelson"), responded by email to the second draft of the order and told Goldstein, "I think [the order] should say that the motions are granted for the reasons stated on the record and nothing else." The other defendants' counsel echoed this sentiment. Goldstein sent out a third draft of the order on May 25, 2012. The text in the body of that email stated: "In order to avoid any further debate, the order simply states that Counts II and V are dismissed with prejudice." In addition to stating that Counts II and V were dismissed with prejudice, the attached order included a paragraph stating:

> Plaintiff, MARY HANDEL, takes nothing by this action from the Defendants, James Pollak, Leopoldo Bellon, Allen R. Greenwald and Sam B. Nevel, and that the Defendants, James Pollack, Leopoldo Bellon, Allen R. Greenwald and Sam B. Nevel, shall go hence without day. The Court reserves ruling on the issue of costs and attorneys' fees.

Sarelson received the email containing the third draft of the order and read the text in the body of the email, but did not open and read the proposed order itself, which was attached as a PDF file. Sarelson responded to Goldstein's email containing the attached order by simply saying "ok." Goldstein then sent the proposed order to the trial court, and the trial court entered the order as drafted on

May 29, 2012 ("the May 29 Order"). The parties agree that the May 29 Order constituted a partial final judgment in favor of the named defendants.

Handel did not timely appeal the partial final judgment. Instead, on June 18, 2012, Handel filed a "Motion for Entry of a Partial Final Judgment" ("PFJ Motion"), which requested that the trial court finalize what Handel believed to be a "garden variety dismissal order" so that she could appeal from the dismissal of her claims. Pollack was expressly excluded from the PFJ Motion. With respect to Pollack, Handel filed a Motion for Leave to Amend to Allege Additional Counts Against Pollack ("Motion to Amend"). The trial court heard argument on Handel's PFJ Motion and Motion to Amend on August 9, 2012, and denied both motions, finding that it had no jurisdiction because no timely motion for rehearing was filed after the May 29 Order was entered.

Handel filed a petition for writ of mandamus or certiorari in this Court and a rule 1.540 motion with the trial court seeking relief from the trial court's May 29 Order. This Court summarily denied the petition, Handel v. Sebastian River Park 160 LLC, 108 So. 3d 1101 (Fla. 3d DCA 2013) (Table), and the trial court denied Handel's rule 1.540 motion after conducting an evidentiary hearing. Specifically, the trial court found as follows:

> All right. Based on the testimony, I don't find that there's a prima facie case of fraud, misrepresentation, or misconduct. The Court accepts and credits the testimony of Mr. Goldstein, that he thought Mr. Sarelson was going to read the order. Similarly, the

4

Court accepts and credits the testimony of Mr. Sarelson, that he thought there was nothing new in the order. So perhaps we have a mutual mistake as to the order.

Irrespective of what was submitted to the Court, Courts are presumed to intend the language of the orders they enter when they sign the order, irrespective of what is submitted by the parties. I've reviewed the transcript that you all passed up of the August 9th hearing and this issue came up before Judge Langer. It's also undisputed that this issue of this May [29] order has gone to the Third DCA already.

So all things considered, at this point, the motion to vacate is denied. So you can just assemble a blank order on that. Okay?

This appeal followed.

## ANALYSIS

Florida Rule of Civil Procedure 1.540 provides a mechanism through which trial courts may set aside final judgments, decrees, or orders for certain enumerated reasons. Subsection 1.540(b) is the only relevant provision of the rule asserted in this case,[1] and it allows a trial court the option to set aside a final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.

---

[1] Subsection 1.540(a) allows for the correction of simple clerical mistakes in a judgment. This simpler process is much simpler and less rigorous, but it is not at issue in the case before us.

5

We review a trial court's ruling on a rule 1.540(b) motion to vacate for an abuse of discretion, Rodriguez-Faro v. M. Escarda Contractor, Inc., 69 So. 3d 1097, 1098 (Fla. 3d DCA 2011), and we will not disturb that ruling unless no reasonable judge would have reached the same decision. See Schwab & Co. v. Breezy Bay, Inc., 360 So. 2d 117, 118 (Fla. 3d DCA 1978) ("The discretion reposed in the trial judge by Fla. R. Civ. P. 1.540 is of the broadest scope and in order to reverse a judge's ruling thereunder, there must be a showing of a gross abuse of discretion.").

Handel contends that she is entitled to relief from judgment in this case under subsections 1.540(b)(1) and 1.540(b)(3). Specifically, she argues that her failure to closely read the proposed order and take an appeal therefrom was due to Sarelson's mistake or excusable neglect, or alternatively, that the partial final judgment itself was procured by fraud or misconduct perpetrated by Goldstein because the body of the email belied the actual contents of the attached proposed order. The trial court, however, found that the May 29 Order was not the product of fraud or misconduct, and while we believe the issue of mistake or neglect is a close one, we cannot say that the trial court abused its discretion in finding that it was not.

There is record evidence that supports the trial court's finding that the May 29 Order was not procured by fraud or misconduct. Goldstein discussed the

6

substance of the order with counsel for all of the parties, including Handel, via email on many occasions. He also attached the proposed order to the email for everyone's review and copied all counsel on the transmittal email to the trial court. Even if the paragraph Goldstein added changed the substance of the order, nothing about his actions indicates malicious or fraudulent intent. Because the trial court's factual finding that Goldstein's actions were in good faith is supported by competent substantial evidence, we are bound by that finding. Siewert v. Casey, 80 So. 3d 1114, 1116 (Fla. 4th DCA 2012).

Whether the May 29 Order is a result of excusable neglect or mistake on Sarelson's part is a closer question, and our ruling is based largely out of deference to the trial court. The only identifiable excusable neglect or mistake is Sarelson's failure to review the proposed order on two occasions and to read the May 29 Order itself when it was entered by the trial court, as well as his failure to appeal that order because he did not believe it to be a final appealable order. Had Sarelson noticed the additional language, it would have been clear that the May 29 Order was a final appealable order.[2] However, "[t]he law is well settled that

---

[2] Incidentally, it is entirely possible that the paragraph added by Goldstein had no effect on the finality or appealability of the order, and that the mere dismissal with prejudice to which Sarelson agreed would have operated as a partial final judgment subject to immediate appeal. See Fla. R. App. P. 9.110(k) ("If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition."). However, whether a dismissal with prejudice operates as a partial final judgment is a complicated question. An order merely granting a motion to dismiss clearly **is not** a final appealable order, Gries Inv. Co.

unilateral mistakes of law such as this and misunderstanding of possible results of judicial decrees and judgments are not grounds for relief [under rule 1.540(b)]." Skinner v. Skinner, 579 So. 2d 358, 359 (Fla. 4th DCA 1991). Additionally, to the extent that Handel's decision to seek leave to amend her complaint or have the trial court enter a partial final judgment rather than filing a motion for rehearing or reconsideration was a tactical one, rule 1.540 does not provide relief for that type of mistake either. Hermitage Ins. Co. v. Oxygen in the Grove, 30 So. 3d 549, 551 (Fla. 3d DCA 2010). Accordingly, we do not find that the trial court abused its discretion by denying Handel's rule 1.540 motion.

---

v. Chelton, 388 So. 2d 1281, 1282 (Fla. 3d DCA 1980) ("An order granting a motion to dismiss [with prejudice] is not final and not appealable."), while an order expressly dismissing the entire complaint clearly **is** a final appealable order. Bd. of Cnty. Comm'rs of Madison Cnty. v. Grice, 438 So. 2d 392, 394 (Fla. 1983) ("An order on a motion to dismiss may not be final, but an order which actually dismisses the complaint is."). Many orders, including the order at issue in this case (sans the additional paragraph), do not fall neatly into these two categories, instead creating a type of "hybrid order" that may or may not be a final appealable order depending on the precise language and circumstances in the case. Hayward & Assocs. v. Hoffman, 793 So. 2d 89, 90 (Fla. 2d DCA 2001) ("The order [dismissing all counts of the complaint with prejudice] is a textbook example of a hybrid order, mixing concepts of finality and nonfinality."); see also Carol A. Gart, Orders on Motions to Dismiss for Failure to State a Cause of Action—When are they Final for Purposes of Filing Notice of Appeal?, 87-OCT Fla. B.J. 24 (2013) (explaining that the determination of whether a dismissal order is a final appealable order is a complex one). In this case, a finding that the order as written—prior to Goldstein's addition of the last paragraph conclusively making it a final order— would have been a final order would preclude Handel from relief. We do not reach that complicated question in this case, as we find that the trial court did not abuse its discretion regardless of whether the order would have been final without Goldstein's added words of finality.

8

Affirmed.