UNITED STATES of America, Plaintiff,

v.

9844 SOUTH TITAN COURT, UNIT 9, LITTLETON, COLORADO, with All Improvements, Appurtenances, Fixtures, and Attachments Thereon, and the Rents, Profits, and Proceeds Therefrom; 9844 South Titan Court, Unit 10, Littleton, Colorado, with All Improvements, Appurtenances, Fixtures, and Attachments Thereon, and the Rents, Profits, and Proceeds Therefrom; 1277 South Memphis Street, Aurora, Colorado, with All Improvements, Appurtenances, Fixtures, and Attachments Thereon, and the Rents, Profits, and Proceeds Therefrom; $2,800 Seized From 1277 South Memphis Street, Aurora, Colorado; and $13,050 Seized From Lisa M. Tarasuik, Incident to Her Arrest at No Frills Bar & Grill, Defendants.

[Claimants: Philip May and Frances May].

Civ. A. No. 92–F–1365.

United States District Court, D. Colorado.

April 27, 1994.

Robert Clark, Mark S. Pestal, Asst. U.S.
Attys., Denver, CO, for government.

Brenda Grantland, Mill Valley, CA, Leonard Berenato, Denver, CO, for defendants.

## ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on the Parties' Cross Motions For Summary Judgment. Jurisdiction is based on 28 U.S.C.A. § 1331. The litigants have fully briefed the matter. For the reasons stated below, the United States' *Motion For Summary Judgment* is GRANTED and Claimant Frances May's *Motion For Summary Judgment* is DENIED.

### I. Background [1]

This is a civil forfeiture action *in rem* brought to enforce the provisions of 21 U.S.C. § 881. On July 8, 1992, the United States filed its Verified Complaint *In Rem* against the Defendant property based on the above statute. On March 16, 1994, the Court granted the United States' motion to dismiss several of the defendant properties and certain claims grounded upon § 881(a)(6). The remaining real properties and currency sought to be forfeited by the United States are listed below along with the statutory grounds therefor:

(1) 9844 South Titan Court, Units 9 and 10 (the "Titan Property" or "Units 9 and 10")—21 U.S.C. § 881(a)(7);

(2) 1277 South Memphis Street (the "Residence")—21 U.S.C. § 881(a)(7).

(3) $13,050 in U.S. Currency—21 U.S.C. § 881(a)(6); and

(4) $2,800 in U.S. Currency—21 U.S.C. § 881(a)(6).

The United States has complied with all applicable procedures and rules pertaining to the arrest of the property and notice to interested parties. Following the filing of the Verified Complaint, an Order for Arrest of the Property *In Rem* was entered on July 8, 1992. The United States Marshals Service executed a Warrant for Arrest of Property *In Rem* on July 8, 1992. Pursuant to this Court's Order for Arrest of Property *In Rem*, the United States Marshals Service published notice of the arrest of the defendant property in a newspaper of general circulation.

Following arrest of the property and monies, the following individuals filed claims and amended claims and answers to the complaint: Philip May, Frances May, Eric May; each of these claimants also filed as a officer and stockholder of Door and Trim Systems, Inc., and Frances May filed a claim as legal guardian of the minor children Angela and Jeffrey May. The real property is titled in the names of either Philip and/or Frances May and not in the corporation's name.

The facts supporting forfeiture of these properties and monies arise out of Philip May's conviction for events occurring on or about October 29, 1991, at the No Frills Bar and Grill in Aurora, Colorado. Mr. May was arrested along with Lisa Tarasuik on the evening of October 29, 1991, after Ms. Tarasuik attempted to purchase over 500 grams of cocaine from an undercover Denver police detective. Mr. May conspired with Ms. Tarasuik to purchase the cocaine and was arrested in his vehicle where he was providing protection to Ms. Tarasuik. At the time of his arrest, Mr. May held a loaded .45 caliber semi-automatic pistol. Ms. Tarasuik was arrested nearby with $13,050 of U.S. currency in her possession which she had showed the police detective in order to consummate the cocaine purchase. Minutes earlier, Mr. May had given her money that he had placed in his vehicle prior to leaving the Residence.

Following Mr. May's and Ms. Tarasuik's arrest, consent searches were conducted in the early hours of October 30, 1991 at the Titan Property, the Residence, and Ms. Tarasuik's apartment. Cocaine was found at each location. Approximately 55 grams were found in the Titan Property, and 165 grams were found in the Residence. The defendant $2,800 was found in the Residence along with several weapons. A triple-beam scale and cocaine grinder were also found at the Titan Property.

---

1. All factual recitations contained herein are taken from the litigants' pleadings.

Mr. May was subsequently convicted by a jury on four counts and sentenced to 60 months in prison for his involvement in the conspiracy and for the possession of cocaine.

## II. Summary Judgment Standard

■ Granting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R.CIV.P. 56(c); *Raymond v. Mobil Oil Corp.,* 983 F.2d 1528, 1534 (10th Cir.1993); *Ash Creek Mining Co. v. Lujan,* 934 F.2d 240, 242 (10th Cir.1991); *Metz v. United States,* 933 F.2d 802, 804 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 416, 116 L.Ed.2d 436 (1991); *Continental Casualty Co. v. P.D.C., Inc.,* 931 F.2d 1429, 1430 (10th Cir.1991). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fostvedt v. United States, I.R.S.,* 824 F.Supp. 978, 982 (D.Colo. 1993).

■ In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. *Concrete Works v. City and County of Denver,* 823 F.Supp. 821, 828 (D.Colo.1993). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.,* 933 F.2d 891, 892 (10th Cir.1991); *Mountain Fuel Supply v. Reliance Ins. Co.,* 933 F.2d 882, 889 (10th Cir.1991).

■ In a motion for summary judgment, the moving party's initial burden is slight. In *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986), the Supreme Court held that the language of rule 56(c) does not require the moving party to show an absence of issues of material fact in order to be awarded summary judgment. Rule 56 does not require the movant to negate the opponent's claim.

*Id.* at 323, 106 S.Ct. at 2552–53. The moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

■ Once the movant has made an initial showing, the burden of going forward shifts to the opposing party. The nonmovant must establish that there are issues of material fact to be determined. *Id.* at 322–23, 106 S.Ct. at 2552–53. The nonmovant must go beyond the pleadings and designate specific facts showing genuine issues for trial on every element challenged by the motion. *Tillett v. Lujan,* 931 F.2d 636, 639 (10th Cir. 1991). Conclusory allegations will not establish issues of fact sufficient to defeat summary judgment. *McVay v. Western Plains Serv. Corp.,* 823 F.2d 1395, 1398 (10th Cir. 1987).

In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. In *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11, the Court held that summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court held that summary judgment is appropriate when the trial judge can conclude that no reasonable trier of fact could find for the nonmovant on the basis of evidence presented in the motion and the response. *Id.* at 587, 106 S.Ct. at 1356.

## III. Motions For Summary Judgment

### A. Standards

The United States argues that the facts clearly provide probable cause to support forfeiture by summary judgment absent a claimant's affirmative defense provable by a preponderance of the evidence. Claimants assert several claims which would not allow forfeiture of the various properties. Each property will be addressed in separate sections below.

■ In order for the United States to forfeit property under 21 U.S.C. § 881 it bears the initial burden of showing probable cause that the property to be forfeited was used illegally. *United States v. $149,442.43*

*in U.S. Currency,* 965 F.2d 868, 876 (10th Cir.1992); *United States v. 1979 Mercury Cougar,* 545 F.Supp. 1087 (D.Colo.1982); *United States v. $250,000 in U.S. Currency,* 808 F.2d 895, 897 (1st Cir.1987). By issuing the warrant for arrest of the defendant property, the Court has already made the determination that probable cause existed to show that the Defendant property is forfeitable. "Once probable cause has been established, the claimant bears the burden of proving that the requested forfeiture does not fall within the four corners of the statute." *United States v. $250,000 in U.S. Currency,* 808 F.2d at 897; *United States v. $3,799.00 In U.S. Currency,* 684 F.2d 674, 678 (10th Cir.1982). Failure to rebut the showing of probable cause will support entry of judgment of forfeiture.

■ The probable cause standard is met where the government shows "a reasonable ground for belief of guilt supported by less than *prima facie* proof, but more than a mere suspicion." *United States v. $250,000 in U.S. Currency,* 808 F.2d at 897. Probable cause for forfeiture consists merely of a reasonable basis for belief that the property was used in the manner alleged, supported by less than *prima facie* proof, but more than mere suspicion. *United States v. Lot 9, Block 2 of Donnybrook Place,* 919 F.2d 994, 998 (5th Cir.1990). Once probable cause is shown, the claimant bears the burden of proving by a preponderance of the evidence that the property was not involved in illegal activity. *See id.*

In addition, the United States further claims that claimant Philip May is precluded from challenging this forfeiture under 18 U.S.C. § 1964(d) which provides:

> A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter **shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.** (emphasis added.)

■ Thus, the United States claims that they have already established probable cause and the burden has now been shifted to the claimants to show by a preponderance of the evidence that the defendant property was not the proceeds from the sale of controlled substances or intended to be furnished for the purchase of controlled substances or used to facilitate illegal drug trafficking. Once probable cause is established, the burden shifts to a claimant to prove by a preponderance of the evidence an affirmative defense to forfeiture. *United States v. $215,300 U.S. Currency,* 882 F.2d 417, 419–20 (9th Cir.1989), *cert. denied* 497 U.S. 1005, 110 S.Ct. 3242, 111 L.Ed.2d 752 (1990); *United States v. Four Million, Two hundred Fifty-five Thousand Dollars ($4,255,000),* 762 F.2d 895, 904–07 (11th Cir.1985); *United States v. Land, Property Currently Recorded in the Name of Neff,* 960 F.2d 561 (5th Cir.1992). A claimant cannot sustain her burden with a mere conclusory denial of guilt or an unsubstantiated assertion of an innocent ownership defense. *United States v. One lot of U.S. Currency ($68,000),* 927 F.2d 30, 32 (1st Cir. 1991); *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195–96 (3rd Cir. 1984).

## B. Excessive Fines Clause of the Eighth Amendment

In Claimant Philip May's *Response To The Government's Motion For Summary Judgment,* he argues that the United States is not entitled to summary judgment because it has made no showing that the forfeiture in this case is not violative of the excessive fines clause of the Eighth Amendment. In *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the United States Supreme Court determined that a civil *in rem* forfeiture action was subject to the excessive fines clause of the Eighth Amendment.

In *Austin,* the Court did not set forth the factors for the lower courts to consider in determining whether or not the forfeiture was violative of the excessive fines clause of the Eighth Amendment. Rather, the Court deferred to the lower courts to consider the question in the first instance. *Austin,* —— U.S. at ——, 113 S.Ct. at 2812. As yet, the United States Court of Appeals for the Tenth Circuit has not adopted a standard following *Austin.*

Claimant Philip May argues that the government in this action is attempting to forfeit the claimant's interest in real property valued at approximately $99,000. Mr. May further contends that this is not a case where the forfeited property is integral to the commission of the crime. Rather, the storage of the drugs is the only link between the property and the illegal activity.

The Court disagrees. The forfeiture of the Defendant properties in this instance would not constitute an excessive fine so as to violate the Eighth Amendment for several reasons. Initially, it should be noted that *Austin* does not preclude civil forfeiture serving, in part, a punitive as well as remedial purpose. *See Austin*, — U.S. at —, 113 S.Ct. at 2810.

In order to determine whether a specific civil forfeiture would violate the Eighth Amendment following *Austin*, the Department of Justice has formulated the following suggested three-part test, which resembles the test put forward by Claimant Philip May.[2] Under this analysis, a civil forfeiture should not violate the Eighth Amendment where:

A. The criminal activity involving the property has been sufficiently extensive in terms of time and/or special use of the property; *or*

B. The role of the property was integral or indispensable to the commission of the crime(s) in question; *or*

C. The particular property was deliberately selected to secure a special advantage in the commission of the crime(s).

■ If any one of these factors is satisfied, no excessive fine results. First, as to the $13,050, no serious question can be raised that the money was integral to the commission of the attempted purchase of the one-half kilo of cocaine by Ms. Tarasuik on October 29, 1991. Without its use, no crime would have been committed. This satisfies the second criteria.

■ Second, with respect to the Residence, its connection with the crimes can be said to satisfy the third factor. Mr. May's selection of the residence was intentional and allowed him to conduct his drug activity in secret and secure from detection from the public and police. Furthermore, the property was used to store the cocaine, store the money, take phone calls, and conceal weapons. Therefore, the property had a sufficiently extensive involvement with the crime. *See United States v. Tax Lot 1500*, 861 F.2d 232, 235 (9th Cir.1988); *United States v. Real Property and Residence at 3097 S.W. 111th Avenue, Miami, FL*, 921 F.2d 1551, 1557 (11th Cir.1991).

■ As to the Titan Court property, its use was extensive in light of the fact that cocaine, a triple-beam scale, and a cocaine grinder were found there and that more than one area of Unit 9 was also utilized. Finally, as to the forfeiture of the Defendant $2,800, by virtue of its relatively small amount, it does not raise an excessive fines issue in light of the crimes committed. Further, this money was available to Mr. May for the purchase of drugs.

Finally, the thrust of the case law suggests that forfeitures should rise to the level of an excessive fine only in the rarest of cases. In this case, forfeiture of the Defendant property cannot be said to rise to such a draconian level as required by the Eighth Amendment.

### C. Individual Properties

#### 1. 9844 South Titan Court, Units 9 and 10

■ The United States argues that the defendant Titan Court property is subject to forfeiture under 21 U.S.C. § 881(a)(7). Section 881(a)(7) authorizes the forfeiture of:

All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, a violation of this

2. The Department developed this standard in light of the pre- and post-*Austin* case law with an end toward fidelity to Congressional intent and forfeiture's historical usage. *See also Austin v. United States*, — U.S. —, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993).

subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

Under this statutory scheme, the determining question of the property's forfeitability becomes the property's connection or nexus to the illegal activity. In its analysis, the Tenth Circuit has looked to whether "a sufficient nexus" exists between the defendant property and the illegal activity. *United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 877 (10th Cir.1992); *United States v. Harris*, 903 F.2d 770, 777 (10th Cir.1990).

All of the property forfeited need not have a substantial nexus to the illegal activity. *United States v. Real Estate Known as 6250 Ledge Road*, 943 F.2d 721, 725 (7th Cir.1991); *One 107.9 Acre Parcel of Land Located in Warren Township, Bradford County, Penn.*, 898 F.2d 396, 400 (3rd Cir.1990); *United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive, Babylon, New York*, 954 F.2d 29, 33 (2d Cir.1992). The Seventh Circuit has defined the breadth of § 881(a)(7) in holding that a substantial connection need not be shown, and instead that the government, " 'must only demonstrate that the nexus is more than incidental or fortuitous.' " *Id., quoting United States v. Real Estate Known As 916 Douglas Avenue*, 903 F.2d 490, 491 (7th Cir.1990). Likewise, § 881(a)(7) has been upheld to allow the forfeiture of an entire tract of land even though only a portion of it was used illegally. *Id. United States v. Reynolds*, 856 F.2d 675, 676 (4th Cir.1988); *accord United States v. 141st Street Corporation by Hersch*, 911 F.2d 870, 880 (2d Cir.1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1017, 112 L.Ed.2d 1099 (1991).

Claimant Frances May argues that Unit 10 is not forfeitable because it was not used to facilitate drug trafficking in that no drugs were actually found in Unit 10. Further, Claimant Frances May argues that Units 9 and 10 are separate "tracts" of land and as such Unit 10 cannot be forfeited under the statute.

The Court disagrees. In this instance, the facts indicate that both Units 9 and 10 were used to facilitate drug trafficking. Approximately 55 grams of cocaine were found in the Titan property. A triple-beam scale and cocaine grinder were also found at the Titan property. The defendant property consists of two adjoining industrial condominiums that were utilized by Mr. May in his business Door & Trim Systems, Inc. The defendant Unit 9 of 9844 South Titan Court is owned free and clear by Philip S. May. The defendant Unit 10 is owned in joint tenancy by Philip S. May and Frances A. May. When originally constructed, Units 9 and 10 were separated by a party wall. This wall was removed by Mr. May. The physical plant of the company was located inside of the two units. The property's use is an one whole tract and not individual units.

That the cocaine was found only in Unit 9 is irrelevant. Each unit as "real property" had a sufficient nexus with the illegal activity. Without question, Unit 9, as the location where the cocaine was found, meets the statute's test. Unit 10, in light of its indistinguishable connection with the whole of the building also meets the test as facilitating the possession of cocaine. Forfeiture of Unit 10 is also consistent with the broad interpretation and congressional intent to forfeit all illegally used property. To bar Unit 10 from forfeitability based on a mere legal description or title would destroy the purpose of the statute.

The evidence shows probable cause to forfeit Units 9 and 10 based upon their nexus to the illegal activity of providing an inconspicuous storage area for the cocaine and paraphernalia. Both units are forfeitable without regard to whether cocaine was physically located on all parts of the property at the time of discovery. It is sufficient that the property serve to facilitate the illegal activity by concealing its presence. *United States v. Smith*, 966 F.2d 1045, 1055 (6th Cir.1992) (holding that adjoining tracts of farmland were forfeitable, even though marijuana plants were only found on one tract). Here, the relative location and use of Units 9 and 10 in the business are directly analogous to the adjoining tracts of farmland, both of

which were forfeitable in *Smith.* Both units were used together for the operation of Door & Trim's carpentry business.

Forfeiture in this case of both Units 9 and 10 is further supported by the broad language of the statute. Section 881(a)(7) is expansive providing for forfeiture of "[a]ll real property, including ... *the whole of any lot or tract of land any appurtenances ...* which is used, or intended to be used, *in any manner or part ...*" in an illegal manner. Here, Units 9 and 10 compromise all the real property used or intended to be used to commit or facilitate the illegal act of possession of cocaine.

Further, the defendant property is forfeitable on the basis that is was used or was intended to be used to commit or facilitate a violation of Title 21 specifically, § 841(a)(1) and (b)(1)(C). Section 841(a)(1) prohibits the possession of a controlled substance such as cocaine. Approximately 55.3 grams of a substance and mixture containing cocaine was found on the Titan Court property.

■ Claimant Frances May asserts an innocent owner's defense in the properties that she has an "ownership" interest in. Further, she asserts that she owns 50% of Lot 10 based on her marriage to Mr. May. While the Court is sympathetic to this argument, based on Colorado's marital property law, claimant Frances May is unable to claim an ownership interest in property where title is held only in her husband's name.

■ An unvested or inchoate interest in marital property is insufficient to constitute ownership under 21 U.S.C. § 881. Under Colorado law, a spouse's right to the other spouse's property does not vest until death or divorce. *In Re Questions Submitted by United States District Court,* 184 Colo. 1, 517 P.2d 1331, 1333 (1974) (en banc).

> Except for those rights which vest upon filing of the divorce action, we in no way change the Colorado law that a husband's property is free from any vested interest of the wife and, with the possible exception or two, *he can sell it or give it away. Id.* 517 P.2d at 1335 (emphasis added).

■ A spouse under Colorado law is free to dispose of his or her property in any manner as no interest in the other spouse vests until divorce. *In Re Questions Submitted by United States District Court,* 184 Colo. 1, 517 P.2d 1331 (1974) (en banc). Thus, she cannot maintain a claim for any interest the properties. Claimant Frances May is not entitled to summary judgment on her innocent-owner defenses as they have not been established by a preponderance of the evidence.

### 2. 1277 South Memphis Street

■ The facts show that the above defendant property is subject to forfeiture under 21 U.S.C. § 881(a)(7). The defendant 1277 South Memphis Street is owned in joint tenancy by Philip S. May and Frances A. May. Approximately 165 grams of cocaine were found in the residence along with the defendant $2,800 and several weapons.

Applying the same legal analysis as used above, the property was used to facilitate an illegal activity: among other things, Mr. May brought the cocaine to the residence. Thus, the facts show that the above defendant property is subject to forfeiture under 21 U.S.C. § 881(a)(7).

### 3. $13,050 in U.S. Currency

The defendant $13,050 was in the possession of Lisa Tarasuik following the attempted purchase of cocaine and over which Mr. May exercised ownership previously. Frances May argues that she has a marital interest in the $13,050. The Court disagrees. As addressed in Section III(C)(1) of this opinion, claimant Francis May is unable to claim an ownership interest in this property.

■ Further, the undisputed facts show that the defendant $13,050 is subject to forfeiture under 21 U.S.C. § 881(a)(6) as it was furnished or intended to be furnished in exchange for a controlled substance. Section 881(a)(6) of Title 21 provides for the forfeiture of, "[a]ll moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter ..., and all moneys ... used or intended to be used to facilitate any violation of this subchapter ..." *See United States v. Fifty Thousand ($50,000) in*

*U.S. Currency,* 757 F.2d 103, 105 (6th Cir. 1985).

The facts here indicate that the defendant $13,050 is forfeitable as it constitutes money furnished or money intended to be furnished for the purchase of controlled substances. In addition, this money was also intended to facilitate or be used to facilitate an illegal drug activity in violation of Title 21, Chapter 13.

### 4. $2,800 in U.S. Currency

 The facts show that the defendant $2,800 is forfeitable under § 881(a)(6) either as the proceeds of illegal drug activity, money intended to be given in exchange for controlled substances, or intended or used to facilitate drug trafficking.

Claimant Frances May argues that the $2,800 in cash belonged solely to her. However, the defendant cash was at the residence either as proceeds from the sale of cocaine or was to be furnished for the purchase of controlled substances or to facilitate Mr. May's and Ms. Tarasuik's drug trafficking. Similarly, other circumstantial evidence indicates Mr. May's control of the $2,800 thereby eliminating any claim of ownership by another claimant.

The Court thus finds that there are no genuine issues of material facts remaining and that the United States is entitled to judgment as a matter of law under FED. R.CIV.P. 56.

### IV. Order

Accordingly, it is ORDERED that:

(1) The United States' *Motion For Summary Judgment,* filed March 24, 1994, is GRANTED;

(2) Claimant Frances May's *Motion For Summary Judgment,* filed March 30, 1994, is DENIED;

(3) The Clerk of the Court is DIRECTED to enter judgment in favor of the United States and against Claimants Philip May and Frances May;

(4) By this Order, the properties are deemed forfeited to the United States; and

(5) All dates previously set by this Court are hereby VACATED.

### JUDGMENT

PURSUANT TO and in accordance with the Order Regarding Cross Motions for Summary Judgment filed April 27, 1994, by the Honorable Sherman G. Finesilver, Chief Judge, it is

ORDERED that judgment is entered in favor of the plaintiff, United States of America, and against Claimants Phillip May and Frances May, and the defendant properties are deemed forfeited to the United States. It is

FURTHER ORDERED that the parties shall pay their own costs.