**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL PROPERTY LOCATED AT LOT 85, COUNTRY RIDGE, A SUBDIVISION IN the CITY OF LENEXA, JOHNSON COUNTY, KANSAS a/k/a 8940 Hall, Lenexa, Kansas, with all Appurtenances and Improvements Thereon, Defendant.**

Civ. A. No. 92–1601–FGT.

United States District Court,
D. Kansas.

July 26, 1995.

Michael G. Christensen, Annette B. Gurney, Kim Martin Fowler, Office of U.S. Atty., Wichita, KS, for plaintiff.

Laura L. McConwell, Law Offices of Edward A. McConwell, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the United States' motion for partial summary judgment (Doc. 40) against the interest of the claimant Steven M. Muchnick (hereinafter "claimant" or "Muchnick"). This is a civil forfeiture action brought by the United States pursuant to 21 U.S.C. § 881(a)(7).

The following facts as set forth by the United States are uncontroverted.

1. Between November 29, 1989 and December 14, 1989, information obtained through intercepted phone communications pursuant to a valid court order on the telephone line servicing the two-story residence located at 8940 Hall, Lenexa, Kansas, and personal observations by law enforcement officers gave rise to evidence of a conspiracy to unlawfully sell and distribute cocaine, marijuana, diazepam, anabolic steroids, and 3,4–Methylene–dioxymethamphetamine (3,4–M.D.M.A.), with the previously described real property being used or intended to be used to facilitate the unlawful conspiracy of its owner, Steven M. Muchnick.

The claimant's attempt to controvert this statement of facts is unsuccessful. As discussed below, hearsay may be used to establish probable cause. Further, the claimant's affidavit is insufficient to defeat the motion for summary judgment.

2. On or about December 14, 1989, pursuant to a lawful search of the two-story residence located at 8940 Hall, Lenexa, Kansas, quantities of marijuana and diazepam, which are listed as controlled substances under Kan.Stat.Ann. 65–4105 and 65–4111, respectively, were discovered. These controlled substances and others were kept at the previously described real property for the purpose of facilitating the unlawful sale and distribution of these controlled substances.

The claimant's attempt to controvert this statement of facts is unsuccessful for the same reasons set forth in paragraph 1.

3. Between November 29, 1989 and December 14, 1989, information obtained through personal observations and intercepted phone communications pursuant to a valid court order on the telephone line servicing the two-story residence located at 8940 Hall, Lenexa, Kansas, gave rise to evidence of a conspiracy to unlawfully sell and distribute cocaine, marijuana, diazepam, anabolic steroids, and 3,4–M.D.M.A., all controlled substances.

The claimant's attempt to controvert this statement of facts is unsuccessful for the same reasons set forth in paragraph 1.

4. Steven M. Muchnick is the sole owner of the defendant real estate.

5. Steven M. Muchnick was a defendant in *United States of America v. Steven M. Muchnick et al.*, Case No. 90–00135–01–CR–W–8 (W.D.Mo.). Muchnick was found guilty of Counts 1–3, 5–7, 9–11, 13–14, 16–17, 19–20.[1]

---

1. The charges against Muchnick were: conspiracy to distribute Diazepam and Alprazolam, Schedule IV controlled substances (Count 1); use of a telephone in the distribution of Diazepam and Alprazolam (Count 2, 3, 6, 7, 10, 11, 14, 16, 17); distribution of Diazepam and Alprazolam (Count 5, 13); distribution of Diazepam (Count 9, 19); and theft of government property (Diazepam and Alprazolam tablets from the Veterans Administration Medical Center) (Count 20). Muchnick was not charged in Counts 4, 8, 12, 15, and 18. Muchnick was found guilty as charged following a jury trial.

6. In *State of Kansas v. Steven M. Muchnick,* Case No. K–68294 (Dist.Ct.Johnson County) Muchnick pleaded guilty to "use of a phone to facilitate the distribution of marijuana." [2] In the factual basis for the charge, Muchnick agreed that he had used the phone located in the residence at 8940 Hall, Lenexa, Johnson County, Kansas, to facilitate the distribution of marijuana, a controlled substance.

The claimant has attempted to controvert this statement of fact without the citation to any evidentiary materials in support. A review of the transcript of the plea hearing reveals that Muchnick's counsel stipulated that the state could prove the above facts if the matter went to trial. Doc. 41, Exh. 4, p. 15.

7. In state court, Muchnick also pleaded guilty to the "delivery of anabolic steroids." [3] In the factual basis for the plea, Muchnick admitted that he stored quantities of anabolic steroids in the residence located at 8940 Hall, Lenexa, Johnson County, Kansas and that he removed those anabolic steroids from that residence and transported them to another location in Overland Park, Kansas, after he became fearful the steroids would be discovered in the residence at 8940 Hall.

The claimant has attempted to controvert this statement of fact without the citation to any evidentiary materials in support. A review of the plea hearing reveals that Muchnick's counsel agreed that the state could prove the above facts if the matter went to trial. Doc. 41, Exh. 4, pp. 15–17.[4]

■ The court is familiar with the standards governing the consideration of a motion for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ The burden at the summary judgment stage is similar to the burden of proof at trial. The court must enter summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact on its claim. Rule 56, however, imposes no requirement on the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323, 106 S.Ct. at 2553 (emphasis in original). Once the moving party has properly supported its motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials contained in the nonmoving party's pleadings, but must set forth specific facts showing a genuine issue for trial, relying upon the types of evidentiary materials contemplated by Rule 56. Fed.R.Civ.P. 56(e). Each party must demonstrate to the court the existence of contested facts on each claim it will have to prove at trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. The court reviews the evidence on summary judgment under the sub-

2. According to the transcript of the plea hearing, this charge was Count 2 of a criminal complaint containing at least 19 counts. Doc. 41, Exh. 4, at p. 17.

3. This charge was Count 15 of the same multiple count criminal complaint. Doc. 41, Exh. 4, p. 17.

4. The remaining statement of fact set forth by the United States contains matters which are inadmissible against the claimant pursuant to Fed. R.Evid. 410.

stantive law and based on the evidentiary burden the party will face at trial on the particular claim. *Anderson,* 477 U.S. at 254, 106 S.Ct. at 2513.

■ At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are functions of the finder of fact, not the functions of the judge when ruling on a motion for summary judgment. The evidence of the nonmoving party is to be believed. All justifiable inferences are to be drawn in favor of the nonmovant. *Id.* at 255, 106 S.Ct. at 2513.

■ The court notes that the United States seized the defendant property without first providing the claimant notice and an opportunity to be heard, in violation of the claimant's due process rights. *See United States v. James Daniel Good Real Property,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). The invalidity of the seizure on this basis, however, does not necessarily invalidate the forfeiture. The court may order forfeiture as long as impermissibly obtained evidence is not used in the forfeiture proceeding. *See United States v. 51 Pieces of Real Property,* 17 F.3d 1306, 1314–16 (10th Cir.1994).

The claimant argues that this court lacks jurisdiction over the subject matter; that the United States cannot establish probable cause for forfeiture; that the homestead exemption contained in the Kansas Constitution precludes forfeiture; and that forfeiture would constitute an excessive fine within the meaning of the Eighth Amendment to the United States Constitution.

■ The claimant argues that the state court first obtained jurisdiction over the defendant property and that it properly has jurisdiction over the subject matter. This court has no quarrel with the general rule that only one court may exercise in rem jurisdiction over a particular res, and the court which first assumes jurisdiction over

the res may maintain that jurisdiction to the exclusion of the other. *United States v. $79,123.49 in U.S. Cash and Currency,* 830 F.2d 94, 96 (7th Cir.1987); *see also Cassity v. Pitts,* 995 F.2d 1009 (10th Cir.1993). There was no violation of this general rule in the present case. In response to a Kansas Supreme Court ruling that a homestead cannot be forfeited under state drug laws, state authorities requested federal authorities to commence forfeiture. On December 18, 1992, the City of Lenexa obtained a dismissal of the state court case as it related to the defendant property. The United States Marshal seized the property on December 22, 1992, after the dismissal of the state court action. This court has had jurisdiction over the res ever since. The purpose of the rule is to prevent competition between two courts for control of one res. *See $79,123.49 in U.S. Cash and Currency,* 830 F.2d at 96 (United States Marshal seized cash from the registry of the state court). This court obtained jurisdiction only after the state court relinquished it. This court has jurisdiction over the subject matter.

The relevant statute provides for the forfeiture of real property "which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment...." 21 U.S.C. § 881(a)(7).

■ In a forfeiture proceeding, the government bears the initial burden to show probable cause for the institution of the forfeiture action, i.e., probable cause that the property was used to commit or facilitate a felony violation of Title 21, United States Code. Once probable cause has been established, the burden shifts to the claimant to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture or that a defense to forfeiture exists. The claimant bears the burden of proving that the requested forfeiture "does not fall within the four corners of the statute." *United States v. $149,442.43 in U.S. Currency,* 965 F.2d 868, 876 (10th Cir.1992). Failure to rebut the showing of probable cause will support a judgment of forfeiture. *Id.*

**404**

 The test for determining probable cause for forfeiture is the same as applies in arrests, searches and seizures. The government must demonstrate a reasonable ground for belief of guilt supported by more than a mere suspicion but less than prima facie proof. *$149,442.43 in U.S. Currency,* 965 F.2d at 876. "Circumstantial evidence of drug transactions may support the establishment of probable cause." *Id.* at 876–77 (quoting *United States v. Padilla,* 888 F.2d 642, 644 (9th Cir.1989)). Probable cause in a forfeiture proceeding may be established by hearsay. *United States v. $83,900.00 in U.S. Currency,* 774 F.Supp. 1305, 1320 (D.Kan. 1991); *United States v. One 1987 Ford F–350 4x4 Pickup,* 739 F.Supp. 554, 556 (D.Kan. 1990); *see $149,442.43 in U.S. Currency,* 965 F.2d at 874 n. 3 (hearsay may be used to establish probable cause for a search warrant). The claimant's state court convictions for offenses committed on the defendant property are sufficient to establish probable cause to connect the property to illegal drug transactions. *United States v. All Right, Title & Interest,* 901 F.2d 288, 292 (2d Cir. 1990). By issuing the warrant for arrest of the defendant property, the court has already made the determination that probable cause existed to show that the defendant property is forfeitable. *United States v. 9844 S. Titan Court, Unit 9,* 865 F.Supp. 709, 714 (D.Colo.1994).

 Once probable cause for forfeiture has been established, the claimant may recover the defendant property only by establishing a defense to forfeiture by a preponderance of the evidence. *$149,442.43 in U.S. Currency,* 965 F.2d at 877. A claimant cannot sustain his burden of proof with a mere conclusory denial of guilt. *9844 S. Titan Court, Unit 9,* 865 F.Supp. at 714. The claimant cannot rely on hearsay evidence to sustain the ultimate burden of proof. *One 1987 Ford F–350 4x4 Pickup,* 739 F.Supp. at 557.

 The uncontroverted facts set forth above establish probable cause for forfeiture. In entering his guilty pleas, the claimant admitted that the state could prove that he used the telephone in his residence at 8940 Hall, Lenexa, Kansas to facilitate the distribution of marijuana. The claimant further admitted that the state could prove that he delivered anabolic steroids from his residence at 8940 Hall, Lenexa, Kansas to the residence of another person for safekeeping. *See* Doc. 41, Exh. 4. Based on these facts and the uncontroverted facts set forth above regarding the conspiracy to distribute various controlled substances, the court finds that the government has established probable cause to believe the property at issue was used to commit or facilitate the commission of a felony drug trafficking crime punishable under Title 21, United States Code.[5]

The burden then shifts to the claimant to prove by a preponderance of the evidence that the property is not subject to forfeiture or that a defense to forfeiture exists. Once the United States has moved for summary judgment and supported it with evidence, it is the claimant's burden to come forward with evidence (not mere allegations or denials) showing a genuine issue of material fact on the matters the claimant would have to prove at trial. A consideration of the matters submitted to the court reveals that the claimant has not met his burden.

The claimant makes the following assertions in his affidavit: he is the owner of the residence located at 8940 Hall; he purchased the residence at 8940 Hall on August 24, 1989 with money given to him by his mother; on December 14, 1989, the City of Lenexa seized his car and $237.00 in cash; in January 1990, the City of Lenexa instituted forfeiture proceedings against the residence at 8940 Hall, the car, and the cash; that "any activity in which I was involved in 1989 did not affect my home and my home was not needed;" that "all drugs and drug residue found in my home were drugs used by me and/or intend-

---

**5.** While the government's pleadings have set forth a variety of other instances of wrongdoing on the part of the claimant, the government has failed to tie some of those matters to the defendant property. For example, while it is uncontroverted that Muchnick was convicted of 15 drug related felonies in the United States District Court for the Western District of Missouri, it is unclear whether any of the substantive counts of distribution of controlled substances or use of a telephone involved conduct occurring at the residence at 8940 Hall, Lenexa, Kansas.

ed to be used by me for my own personal consumption;" that he successfully completed the sentence imposed by the United States District Court for the Western District of Missouri and is presently completing the sentence imposed by the District Court of Johnson County, Kansas; and that he is "drug free." Doc. 54, Exh. 1.

■ The claimant has submitted evidence to support his assertion that his mother gave him approximately $150,000.00 near the time he purchased the defendant property in a cash transaction. Doc. 54, Exh. 2. This fact, however, is not material to the issues in the present case. It has not been alleged that the property was purchased with proceeds of illegal activities. The source of the funds used to purchase this property is not at issue.

The initiation of forfeiture proceedings in state court regarding this property is addressed elsewhere in this opinion.

■ The claimant's assertion that the activities in which he was involved in 1989 did not affect his home and that his home was not needed is insufficient to raise any genuine issue of material fact. The statute requires that there be a sufficient "nexus" between the defendant property and the claimant's involvement in drug trafficking. *$149,442.43 in U.S. Currency*, 965 F.2d at 877; *United States v. Harris*, 903 F.2d 770, 777–78 (10th Cir.1990) ("nexus" test for criminal forfeiture, 21 U.S.C. § 853(a)). The statute does not require proof that the real property was essential, integral or indispensable to the transaction, only that the property was used to commit or facilitate the commission of a drug trafficking offense. The uncontroverted facts establish that the property facilitated the commission of the offenses. The claimant's use of his residence allowed him to conduct his drug activity in private, away from the detection of the police. The property was used to store drugs, to take phone calls and to transact drug business. The property had a sufficiently extensive involvement with the crime to justify forfeiture. *See 9844 S. Titan Court, Unit 9*, 865 F.Supp. at 715.

■ The claimant's assertion that the drugs found in the residence were intended

for his personal consumption is likewise insufficient to raise any genuine issue of material fact. The government has established probable cause for forfeiture based on the claimant's guilty pleas to state law felony offenses of use of a telephone to facilitate the distribution of marijuana (a felony under 21 U.S.C. § 843(b)) and delivery of anabolic steroids (a felony under 21 U.S.C. § 841(a)(1)) and the uncontroverted facts setting forth evidence of a conspiracy to distribute various controlled substances (punishable under 21 U.S.C. § 846). Whether the claimant possessed controlled substances for personal consumption, even if true, does not defeat the finding of probable cause based on the uncontroverted facts before the court.

■ Whether the claimant has successfully completed the criminal penalties imposed upon him is relevant (if at all) only as it relates to his Eighth Amendment challenge, which the court addresses later in this opinion. Finally, whether the claimant is "drug free" is not material to any defense to this forfeiture action.

■ The claimant argues that his homestead is protected from forfeiture by the Kansas Constitution. The Kansas Supreme Court has ruled that forfeiture (under Kansas statute) of a homestead for drug trafficking offenses violates the homestead exemption contained in the Kansas Constitution. *State, ex rel. Braun v. A Tract of Land*, 251 Kan. 685, 840 P.2d 453 (1992).

The present action is brought under the federal civil forfeiture statute, 21 U.S.C. § 881, which preempts state law as to the forfeitability of homestead property. *United States v. Lot 5, Fox Grove*, 23 F.3d 359 (11th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 722, 130 L.Ed.2d 627 (1995); *United States v. One Parcel of Property*, 786 F.Supp. 1497, 1504 (N.D.Iowa 1991); *United States v. One Single Family Residence*, 771 F.Supp. 1214, 1216 (S.D.Fla.1991).

■ The claimant next argues that the forfeiture of his residence would constitute an excessive fine. The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusu-

al punishments inflicted." U.S. Const. amend. VIII. The United States Supreme Court has held that the Eighth Amendment's excessive fines clause applies both to in rem civil forfeiture actions, *Austin v. United States*, — U.S. —, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and in personam criminal forfeiture actions. *Alexander v. United States*, — U.S. —, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993). The Supreme Court declined to establish a test to determine when a forfeiture is excessive. *Austin*, — U.S. at —, 113 S.Ct. at 2812.

■■■ The Tenth Circuit appears to have adopted the Eighth Circuit's test on excessiveness. The Tenth Circuit has stated that the court must consider "all factors" when evaluating whether a forfeiture is excessive. *United States v. Libretti*, 38 F.3d 523, 531 (10th Cir.1994) (criminal forfeiture pursuant to 21 U.S.C. § 853) (citing *United States v. Bieri*, 21 F.3d 819, 824 (8th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 208, 130 L.Ed.2d 138 (1994)). Those factors include the extent of the criminal drug activities, the length of time encompassed, and the relationship between the property and the criminal offenses. *Bieri*, 21 F.3d at 824.

Factors to consider in the Eighth Amendment analysis also include: the monetary value of the property, the extent of criminal activity associated with the property, the fact that the property was a residence, the effect of forfeiture on innocent occupants of the residence, including children, "or any other factors that an excessive fine analysis might require." *United States v. One Parcel of Real Property*, 27 F.3d 327, 331 (8th Cir. 1994) (civil forfeiture pursuant to 21 U.S.C. § 881).

In the present case, the length of time the defendant property was involved in drug activities is unknown to the court. However, during the period of time in which law enforcement officials were monitoring the claimant's telephone, the claimant appears to have been involved in very extensive drug trafficking activities from his home. During the period November 28, 1989 to December 14, 1989, 1,509 phone calls were intercepted. Of that total, 689 were calls placed or received in which an actual conversation en-

sued. Of those 689 calls, 154 conversations involved drugs and/or drug use. Ninety-four conversations involved actual drug transactions. The calls in which no conversation ensued included incoming/outgoing calls in which there was no answer, outgoing calls in which the number called was busy, and outgoing calls to a pager. (*See* Doc. 57, Exh. 2). The monetary value of the property is approximately $158,000, which is significantly less than the amount the claimant could have been fined under the federal criminal code or under Kansas state law upon conviction. The fact that the property is a residence may in some cases weigh against forfeiture. However, in the present case, no innocent owners or occupants would be affected by forfeiture. The offenses to which the claimant pleaded guilty in state court occurred on the property. Based on a consideration of these factors, the court finds that the forfeiture of the claimant's residence does not constitute an excessive fine.

Further, as noted above, the value of the property to be forfeited is well within the statutory maximum fine which could have been imposed upon a felony drug conviction. Had the claimant been found guilty in federal court of the drug charges to which he pleaded guilty in state court, he faced a maximum fine of $500,000 pursuant to 18 U.S.C. § 3571. The claimant was apparently not fined in the District Court of Johnson County. Following his state court conviction, the defendant was placed on probation. Doc. 54, Exh. 4. Apparently the claimant's car (of unknown value) and $237.00 in cash have been forfeited in state court. In the United States District Court for the Western District of Missouri, the claimant was fined $1,200 and placed on probation following his conviction on fifteen felony drug counts. Doc. 54, Exh. 3. The claimant could have been fined nearly $4 million for those offenses.

The Tenth Circuit has held that a forfeiture of $410,000 in property was not excessive when the statutory maximum fine which could have been imposed was $2,000,000 and the defendant was fined only $5,000. *Libretti*, 38 F.3d at 531. Similarly, the forfeiture of the claimant's house (worth approximately

$158,000) is not excessive in light of the fines which could have been imposed upon the claimant.

**IT IS BY THE COURT THEREFORE ORDERED** that the plaintiff's motion for summary judgment against the interest of Steven M. Muchnick (Doc. 40) is hereby granted. Counsel for the plaintiff shall prepare the journal entry.