UNITED STATES of America,
Plaintiff,

v.

CERTAIN REAL PROPERTY LOCATED AT 263 WEATHERBROOK LANE, ANNISTON, ALABAMA, KNOWN AS "THE PLATINUM CLUB," Together with All Contents Therein, and All Improvements, Fixtures, and Appurtenances Thereon; et al., Defendants.

No. CV 01–BU–1345–E.

United States District Court,
N.D. Alabama,
Eastern Division.

May 20, 2002.

Alice H. Martin, United States Attorney, Herbert H. Henry, III, James D. Ingram, United States Attorney's Office, Birmingham, AL, for Plaintiff.

Randy B. Brooks, Brooks & Harmon, Anniston, Bobby Lee Cook, Cook & Connelly, Summerville, GA, Steven H. Sadow, Steven H. Sadow, PC, Atlanta, GA, for Defendants.

Memorandum Opinion & Order

BUTTRAM, District Judge.

In the above-styled action, the United States ("Government") seeks an order of civil forfeiture in rem, pursuant to 18 U.S.C. § 981(a)(1)(A), against certain real property located in Anniston, Alabama, known as the "Platinum Club"; currency on deposit in a number of specified bank accounts; and a limousine. Only the subject real property is presently at issue. On January 23, 2002, the Government made an *ex parte* application to this Court, pursuant to 18 U.S.C. § 985(d)(1)(B)(ii), for the issuance of a warrant for seizure of the subject real property. (Doc. 39). Upon review of the Government's application and supporting evidentiary material, this Court issued the *ex parte* warrant, finding that probable

cause for forfeiture existed and that there were exigent circumstances allowing seizure of the real property without prior notice to, and an opportunity to be heard by, the property owner. (Doc. 43). On January 25, 2002, the subject real property was seized, and the Platinum Club closed, by the United States Marshals Service. On May 10, 2002, the Court held a post-seizure hearing, as required by law, in order to allow the property owner "an opportunity to contest the basis for the seizure." 18 U.S.C. § 985(e). At that hearing, Claimants Harvey J. Bowman and his wife, Bobbie J. Bowman, urged that the Government should be required to surrender control of the property immediately. However, upon consideration of the record and the arguments of counsel, the Court concludes that the Government has sufficiently shown that it is authorized to retain control of the subject real property pending resolution of the forfeiture action.

At the outset, the Court desires to acknowledge that there are few rights that it holds as dear as the sanctity of individuals to possess and enjoy private property, both real and personal, free from undue interference by government. That being said, however, the Court recognizes that its role in these proceedings is simply to interpret and apply the laws as written by Congress and follow controlling case law as promulgated by the Eleventh Circuit Court of Appeals and the United States Supreme Court.

Claimants argue two main points. First, they contend that the warrant for seizure of the property should not have been issued without prior notice and an opportunity to be heard because the Government failed to make the showing of exigent circumstances required under 18 U.S.C. § 985(d)(1) & (2). And second, Claimants maintain that 18 U.S.C. § 983(c) and (j) imply that, in order to justify its continuing seizure of the property, the Government should be required at the § 985(e) post-seizure hearing to establish by a preponderance of the evidence that the property is subject to forfeiture. In a related vein, Claimants contend that the applicability of the preponderance standard should preclude the Government from being permitted to rely on hearsay evidence to meet its burden.

First, the Court addresses the burden of proof and hearsay issues relating to the § 985(e) hearing. Under the law applicable to civil forfeiture proceedings instituted prior to August 23, 2000, the effective date of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), in order to obtain a forfeiture, the Government had to show merely that there was *probable cause* to believe that the subject property was involved in unlawful activity, and the Government could use hearsay to prove its case. The burden then shifted to the Claimant to show by a preponderance of the evidence that the property was not so involved or was otherwise not subject to forfeiture. The Claimant was not allowed to use hearsay to do this. *See, e.g., United States v. One Parcel Property Located at Lot 85, Country Ridge, a Subdivision in City of Lenexa, Johnson County, Kan.,* 894 F.Supp. 397, 404 (D.Kan.1995); *United States v. Lot 9, Block 1, Village East Unit 4,* 704 F.Supp. 1025, 1026 (D.Colo.1989).

But under 18 U.S.C. § 983(c), part of CAFRA, Congress now requires that the Government meet a stiffer burden to show by a preponderance of the evidence that the property is subject to forfeiture. Nor will the Government any longer be permitted to use hearsay. *United States v. One Parcel of Property Located at 2526 Faxon Ave., Memphis, Tennessee,* 145 F.Supp.2d 942, 950 (W.D.Tenn.2001). However, these are standards and rules applicable to the issue of whether the Gov-

ernment is entitled to an order of *forfeiture* of the property, *i.e.*, whether the property owner's interest in the property is to be permanently extinguished and vested in the United States. Thus, they would apply to any trial or proceeding on the ultimate issue of forfeiture. But the § 985(e) hearing simply is not such a proceeding.

The § 985(e) hearing merely gives the property owner a chance to contest "the basis for the *seizure*" of his property pending trial under § 985(d). In this context, the Government's seizure represents only the assertion of a right to temporary possession, to the exclusion of the owner, pending a judicial determination on the ultimate issue of forfeiture. The only question for the § 985(e) hearing is merely whether the Government continues to be justified in continuing its temporary seizure of the property pending trial, not whether the Government is entitled to take the property permanently via forfeiture. Section 983(c) is simply inapplicable.

■ Whether the Government continues to be justified in continuing its seizure prior to trial still depends, the Court believes, upon whether probable cause exists to believe that the property is subject to forfeiture, and it is this standard that governs the § 985(e) hearing. 18 U.S.C. § 985(d)(1) allows that the Government may seize real property prior to entry of an order of forfeiture in certain circumstances. Subsection (d)(1)(B)(i) allows for issuance of a warrant where the property owner is given prior notice and a chance to be heard, while subsection (d)(1)(B)(ii) allows issuance of an ex parte seizure warrant where the court finds probable cause and exigent circumstances justifying seizure without notice and an opportunity to be heard. One will note that where there is a *pre-seizure* hearing under subsection (d)(1)(B)(i), the statute makes no mention of the Government's burden of proof. But

it nonetheless would appear to be a probable cause standard that applies under that subsection because: (1) probable cause has historically been the standard in civil forfeiture proceedings; (2) it is consistent with subsection (d)(1)(B)(ii)'s use of the probable cause standard, and it seems unlikely that the Government would have any *lower* burden standard in ex parte proceedings; and (3) Fed.R.Crim.P. 41 employs a probable cause standard, and 18 U.S.C. § 981, under which the Government is here proceeding, provides that any property subject to forfeiture under it is also subject to seizure pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure. 18 U.S.C. § 981(b)(1) & (2). Thus, notwithstanding § 985(b)(1), under § 985(d), if there has been prior notice to the property owner of the warrant application, the Government is entitled to a warrant for seizure of real property upon a showing of probable cause to believe that the property is subject to forfeiture; if there has not been prior notice, then the Government must make an additional showing of exigent circumstances.

■ This brings us to Claimants' other contention that the subject real property should be released because the Government allegedly failed to show exigent circumstances in connection with its ex parte warrant application. It is true that § 985(d)(1)(B)(ii) requires the court to find exigent circumstances in order to issue an ex parte warrant for the seizure of real property. The statute further explains that to establish "exigent circumstances" in this context, "the Government must show that less restrictive measures such as a lis pendens, restraining order, or bond would not suffice to protect the Government's interests in preventing the sale, destruction, or continued unlawful use of the real property." 18 U.S.C. § 985(d)(2).

This is essentially a codification of the holding in *United States v. James Daniel Good Real Property*, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), where the Supreme Court ruled that the Due Process Clause is violated by the seizure of real property in furtherance of civil forfeiture proceedings—absent exigent circumstances—if the owner is not afforded prior notice and an opportunity to be heard.

However, from the foregoing discussion, the Court believes that it is apparent that the only role the exigent circumstances play in the warrant process is justifying the *ex parte nature* of the seizure. The Government's primary argument regarding exigent circumstances was that there was evidence here showing that the property was continuing to be used deliberately by Claimants and their employees as a base of prostitution and money laundering operations, following commencement of the forfeiture action and even after state search warrants were executed upon the Club and the Claimants' private residence. The Court still believes that the evidence presented in the Government's application establishes the requisite exigency.

But even assuming *arguendo* that such evidence was insufficient to allow a finding of exigent circumstances, the Court still does not believe that such would entitle Claimants to the release of the property. It appears to the Court that the evidence still establishes probable cause to believe that the real property is subject to forfeiture. If exigent circumstances are ultimately found not to have been sufficiently shown to justify the ex parte seizure, Claimants' due process rights were violated, under the Supreme Court's holding in *Good*. However, the Eleventh Circuit has held that "when the Government fails to provide predeprivation notice and a hearing, but the property is found to be subject to forfeiture after the process due has been afforded, the proper remedy for a

seizure in violation of the Fifth Amendment Due Process Clause is the return of any rents received or other proceeds realized from the property during the period of illegal seizure." *United States v. 408 Peyton Road*, 162 F.3d 644, 652 (11th Cir. 1998) (en banc). This case would seem to imply that, even if a property owner's rights are violated by an ex parte seizure in the absence of exigent circumstances, that once the Claimant is subsequently afforded the process that is due him and it is found that the deprivation still would be justified, then he is not entitled to a release of the property, although he may be entitled to certain restitution for the period he was deprived of his property in violation of the Constitution. In other words, the fact that the seizure was *ex parte* is really a moot point, at least insofar as it might bear upon the release of the property from seizure. The § 985(e) adversarial hearing held on May 10, 2002 gave Claimants notice and an opportunity to be heard on the propriety of seizure pending trial; as such, it is essentially the equivalent of the adversarial hearing that would have been held under § 985(d)(1)(B)(i) had the Government chosen not to proceed *ex parte*. The Court has already explained that it believes the standard at a(d)(1)(B)(i) adversarial hearing would have been mere probable cause, and the Government has traditionally been permitted to use hearsay to meet that burden. Therefore, the Court concludes, the same rules should be applicable at the § 985(e) post-seizure hearing stage.

Because the Court determines that the evidence in the record continues to justify sufficiently the Government's seizure of the subject real property, the Court concludes that the Claimants are not entitled to relief at this time.